## CITY OF NEW YORK v. CORN et al.

(Supreme Court, Appellate Division, First Department.   June 11, 1909.)

1. INDEMNITY (§ 14*)—CONCLUSIVENESS OF ADJUDICATION AGAINST INDEMNITEE AS AGAINST INDEMNITOR.

A city having granted a permit for the construction of a vault under a street by the adjoining property owner, and authorized the erection of a bridge to accommodate travel in the meantime, having been sued for the death of a pedestrian due to the collapse of the bridge, notified the owner and the contractor to appear and defend. The contractor defended, and the case was dismissed against him; but the owner did not, and judgment was recovered against the city, whereupon the city sued the owner and the contractor for indemnity. *Held*, that the judgment against the city was conclusive evidence against the indemnitors of the amount of the damages, the existence of the defect or obstruction in the street, and that the injured party was free from negligence.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

2. MUNICIPAL CORPORATIONS (§ 762*) — STREETS—BRIDGE OVER EXCAVATION— DUTY OF CITY AND CONTRACTOR.

Where a city granted a permit to a property owner to construct a vault under the sidewalk and to erect a temporary bridge over the excavation to accommodate travel, the city was bound, not to the property owner, but to the public, to use due diligence by inspection to see that the owner performed his duty to maintain the bridge in a safe condition, and the contractor owed a primary duty to the public to use proper care to provide a safe and proper bridge, and to inspect it from time to time, and make necessary repairs.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1609; Dec. Dig. § 762.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. Indemnity (§ 13*)—Implied Contracts—Joint Tort-Feasors.

Consent by a city to the construction of a vault under the sidewalk by the abutting property owner, and to the erection of a bridge over the excavation, did not constitute it a joint tort-feasor with the owner concerning an injury to a pedestrian caused by the collapse of the bridge, due to its insufficiency.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 31; Dec. Dig. § 13.*]

4. Municipal Corporations (§ 763*) — Streets — Excavations — Duty of Owners.

Where a city authorized an abutting owner to construct a vault underneath the sidewalk and to erect a bridge over the excavation, the owner was bound to exercise due care to so construct and maintain the bridge as to protect the public from injury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 763.*]

5. Indemnity (§ 13*)—Pari Delicto.

Where a city authorized an abutting property owner to construct a vault under the sidewalk and to erect a bridge for the accommodation of pedestrians over the excavation, and a traveler was killed by the collapse of the bridge, due to insufficient construction or repair, the city and the owner were not in pari delicto as between themselves, so as to prevent the city from recovering over against the landowner the amount of a judgment recovered by the personal representative of the person killed.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec Dig. § 13.*]

6. Municipal Corporations (§ 809*)—Defects in Streets—Injuries to Travelers—Liability of Contractor.

A contractor, acting as the agent for an abutting property owner, obtained a permit from the city to open a street for the construction of a vault under the sidewalk and for the construction of a bridge over the excavation to accommodate traffic. *Held* that, the contractor having let the construction of the bridge to a subcontractor, he was not responsible for injuries to a pedestrian, caused by the collapse of the bridge.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1689; Dec. Dig. § 809.*]

Houghton, J., dissenting as to defendant Corn.

Appeal from Trial Term, New York County.

Action by the City of New York against Henry Corn and another. From a judgment dismissing the complaint after trial at Trial Term, plaintiff appeals. Judgment affirmed as to defendant Charles A. Cowen, and reversed and new trial granted as to defendant Corn.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Terence Farley, for appellant.

D. Cady Herrick, for respondents.

SCOTT, J. In this action the city of New York seeks to recover from the defendants the amount which the city was obliged to pay to one Wm. J. Parks, as administrator, etc., of William J. Coolidge, deceased, for the damages resulting from the death of said Coolidge. The defendant Henry Corn was, in 1902, the owner of a lot of land on the northwest corner of Fifth avenue and Eighteenth street, in the borough of Manhattan, city of New York, upon which he proposed to

erect a large building. His plans involved the construction of a vault in front of the building for its entire length between the building and the curb line. The construction of this vault necessitated the excavation of the entire sidewalk between the building and the curb line, and the erection of a temporary sidewalk or bridge for the use of the public during the progress of the work. On June 2, 1902, Corn applied for and obtained from the commissioner of public works a permit for the construction of the vault. The permit included permission to erect and maintain, over the excavation for the vault, a bridge not exceeding five feet in height above the sidewalk and ten feet in width. Corn entered into a general contract with the defendant Cowen for the erection of the building, including the construction of the vault and bridge, which latter work was in turn committed to a subcontracting firm. The work was proceeded with and the bridge constructed. After it had been in use by the public for about two weeks, on the occasion of a public procession on Fifth avenue, a considerable number of persons congregated upon the bridge, which collapsed, and one Edwin E. Coolidge, who was upon it at the time, was precipitated into the excavation and killed. An action for damages for his death was brought by his administrator against the city of New York, Cowen, the general contractor, and Miller & Holmes, the subcontractors. Due notice of the pendency of the action and an opportunity to appear and defend were given to the owner and the present defendant Corn, of which, however, he omitted to avail himself. This action resulted in a judgment against the city of New York and the defendants Miller & Holmes; the complaint being dismissed as against Cowen. On appeal the judgment was affirmed as to Miller & Holmes, but reversed as to the city of New York. Coolidge v. City of New York, 99 App. Div. 175, 90 N. Y. Supp. 1078. On a retrial of the action against the city, the plaintiff recovered a judgment, which was affirmed on appeal. Parks v. City of New York, 111 App. Div. 836, 98 N. Y. Supp. 94; Id., 187 N. Y. 555 80 N. E. 1115. This judgment was paid and the city now seeks to recover over against the owner of the building and his general contractors. At the trial the complaint was dismissed as against both defendants on the ground that they were joint tort-feasors with the city, and that, as such, the city was not entitled to recover either contribution or indemnity. From the judgment entered upon the dismissal, and the order denying a motion for a new trial, the plaintiff appeals.

The city had proven the commencement of the former action, the notice to defendant Corn to come in and defend, the recovery, and payment of the judgment. It also introduced, without objection, the charge of the justice who presided at the trial of the action against the city. The judgment roll in the former action was conclusive evidence against the defendants here (Cowen having been a party to that action, and Corn having been properly vouched in) of the amount of the damages, the existence of the defect or obstruction in the street, and that the injured party was himself free from negligence. Mayor, etc., v. Brady, 151 N. Y. 611, 45 N. E. 1122. It appeared from the record in the former action and from the charge of the justice at the trial thereof that the vital question submitted to the jury

was whether or not the bridge which fell had been properly and carefully constructed, and, secondarily, whether, if it was improperly constructed, the city was chargeable with notice thereof. The duty cast upon the city was not that of construction and maintenance, but that of vigilance and inspection. Cowen's duty was the primary one of using proper care to protect the public from danger resulting from his interference with the highway, and this care involved the duty of providing a safe and proper bridge in the first place, and of inspecting it from time to time, and, if necessary, repairing it, in order to protect the public. Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575. The result of the action against the city is conclusive evidence against Corn that he did not fulfill this duty; for the liability of the city in that action was necessarily predicated upon a determination that the bridge erected by Corn was not erected or maintained with reasonable care. If it had been, the city could not have been held liable because it had notice of its actual condition.

Nor can it be said that the fact that the city granted a permit for the construction of the bridge made it a joint tort-feasor with the owner. "Consent by a municipal corporation to do a lawful act merely permits it to be done in a careful, prudent, and lawful manner, and when it is performed in any other way, and an injury to third persons arises, the author of the injury is liable therefor. * * * Upon receiving a license, from the body authorized to grant it, to dig in a street, the licensee impliedly agrees to perform the act in such a manner as to save the public from danger and the municipality from liability." Village of Port Jervis v First National Bank, 96 N. Y. 550. The relative duties of Corn and the city were therefore as follows: Corn was bound to exercise due care to so construct and maintain the bridge as to protect the public from injury. The city was under an obligation, not to Corn, but to the public, to use due diligence to see that Corn performed his duty, and the judgment against the city, by which Corn is concluded, established beyond contradiction that neither Corn nor the city performed their respective duties. The rule of law upon which the learned court below dismissed the complaint has no application to a case like the present for the parties, although both wrongdoers towards the person injured, are not in pari delicto as between themselves. That the municipality may, in a case like the present, recover over against the primary wrongdoer, has been so often held that it is impracticable, within the reasonable limits of an opinion, to cite all the authorities. A few leading ones will suffice. Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712; Chicago v. Robbins, 67 U. S. 418, 17 L. Ed. 298; Trustees of Canandaguia v. Foster, supra. The cases relied upon by respondent as seeming exceptions to the rule are not in point. For instance, in Trustees of Geneva v. Brush Electric Co., 50 Hun, 581, 3 N. Y. Supp. 595, the plaintiff was denied a recovery over, because the injury resulted, not from any defect in the construction or maintenance of the electric light pole, but because of its improper location, which had been assented to by the village authorities. Hence they were in pari delicto with the company.

The rule of respondeat superior cannot be invoked by Corn, for his liability rests upon his failure to properly guard the public against the consequences of his interference with a public highway. From the consequences of this failure of duty he cannot shield himself behind his contractors. So far as concerns the respondent Cowen, we think that the complaint was rightly dismissed. He cannot be held, either because he opened the street for his own benefit, as he did not, nor because of the negligence in the construction of the bridge, which he did not construct. In applying for and obtaining a permit to open the street, he acted merely as agent for Corn, and he sublet the actual work of construction.

As to the defendant Cowen, the judgment and order must be affirmed, with costs. As to the defendant Corn, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur.

HOUGHTON, J. (dissenting). As I understand the rule governing reimbursement as between wrongdoers, the plaintiff failed to prove a cause of action against the defendant Corn. Of course, there can be no reimbursement where one of two joint wrongdoers is compelled to pay damages for the wrong inflicted by both. Where, however, one negligently creates a situation which it becomes the duty of another to rectify, and thus as to third persons both become liable, and the latter is compelled to pay damages, he may compel reimbursement from the one who instituted the wrong. This rule is based upon the fact that, although both are liable as to third parties, as between themselves there is a primary and a secondary liability, and, if the one secondarily liable is compelled to pay, the one who instigated the wrong must make him good. If the one secondarily liable is sued, and he gives notice to the other to come in and defend, the judgment obtained is conclusive against the one who had an opportunity to defend and did not avail himself of it in three particulars, and in three particulars only. These are the existence of such a defect or obstruction as made the person sued liable, and that the injured party was himself free from negligence, and that he suffered the amount of damages recovered. As I understand the law, it does not matter upon what theory the action by the injured party may have been tried. The judgment obtained by him does not prove primary or secondary liability as between the wrongdoers. If the wrongdoer who is compelled to pay seeks reimbursement from the primary wrongdoer, he must prove aliunde facts which show primary liability.

The case of Mayor, etc., v. Brady, 151 N. Y. 611, 45 N. E. 1122, upon which the city relies, in its various appeals to this court and the Court of Appeals, illustrates and confirms the rule. That case first came before this court on an appeal by the defendants in 70 Hun, 250, 24 N. Y. Supp. 296. The city had been compelled to pay a judgment obtained because of a defective sidewalk, claimed to have been caused through the negligence of a contractor, and, although the action was brought against the contractor's sureties, it was held that the negli-

gence of the contractor must be proved, and that the judgment roll in the action against the city did not prove the contractor's negligence, and hence the judgment was reversed. The case was again tried, and resulted in a judgment for the defendants, and on appeal by the plaintiff the judgment was reversed because the trial court refused to receive evidence of the negligent acts of the contractor. 77 Hun, 241, 28 N. Y. Supp. 324. On a third trial, such evidence having been received, the judgment in favor of the plaintiff was affirmed, because it was shown by proof aliunde the record of the former trial that the contractor had been guilty of negligence in obstructing the sidewalk (81 Hun, 441, 30 N. Y. Supp. 1121); and this judgment was affirmed by the Court of Appeals. Although that action was against the sureties upon the contractor's bond, the whole question of liability for reimbursement by a primary wrongdoer to a secondary wrongdoer, both of whom are liable as to third persons, but one entitled to reimbursement as against the other, was discussed, and it seems to me impossible to deduce from that case the rule that the primary wrongdoer is proven to be liable over to the secondary wrongdoer simply by proving the happening of the accident, or by proving the judgment roll upon the former trial, or the theory upon which that action was tried as illustrated by the judge's charge alone.

In the present instance, Parks, as administrator, recovered a judgment against the city, this plaintiff, on the ground that a defective bridge over an excavation in the sidewalk existed, of which the city had actual or constructive notice, and which it was either its duty to repair or close to travel, on the ground that the city did not attempt to prove that the bridge over the sidewalk was defectively constructed or that it had become out of repair. The bare happening of the accident did not prove Corn's negligence, any more than the bare happening of the accident would have proved the city's negligence in the Parks action. Nor did the charge of the judge explaining to the jury the theory upon which the plaintiff claimed to recover damages in the Parks Case constitute substantive proof of Corn's negligence. Indeed, the only proof on the present trial respecting the construction or condition of the bridge was that drawn out by the defendant from the plaintiff's own witness, to the effect that the bridge was properly braced and properly constructed. The plaintiff having failed to prove a cause of action, the defendant was entitled to a nonsuit, and it makes no difference upon what theory the motion was granted.

The defendant Cowen having obtained a judgment of nonsuit in the original action, I concur in the affirmance of the judgment as to him; but, for the reasons stated, I think it should also be affirmed as to the defendant Corn.