### CITY OF NEW YORK v. HEARST.

(Supreme Court, Appellate Division, First Department.   January 6, 1911.)

1. INDEMNITY (§ 14*)—CONCLUSIVENESS OF JUDGMENT AGAINST INDEMNITOR.

Where an administratrix sued a city for the death of her intestate caused by the discharge of fireworks on a street by an association of which defendant was president, and the city notified defendant to come in and defend the action, and he refused to do so, and the city undertook the defense of the action, and a judgment was recovered against the city, such judgment is conclusive against defendant as to the existence of the obstruction in the street, the amount of the damages, the freedom of decedent from contributory negligence, and whether the discharge of the fireworks was a nuisance.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41;  Dec. Dig. § 14.*]

2. INDEMNITY (§ 13*)—IMPLIED CONTRACTS—INJURIES ON STREET.

A municipality which has been obliged to pay a claim on account of damages sustained by an individual in consequence of a nuisance in the street may recover over against the person who was primarily responsible for the wrong which caused the injuries.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35;  Dec. Dig. § 13.*]

3. INDEMNITY (§ 13*)—IMPLIED CONTRACTS—JOINT TORT-FEASORS.

Where the board of aldermen of a city suspended ordinances forbidding the discharge of fireworks in the city so far as they applied to meetings and parades of political parties or associations during the campaign of 1902, subject to such restrictions and safeguards as the police department may determine is necessary, and during the time covered by the suspension a person was killed by an explosion of fireworks on a street, the discharge of the fireworks being under the supervision of defendant, and a judgment was recovered against the city by the administratrix of the person killed, the city could maintain an action to recover over against defendant, such suspension not putting the city and defendant in pari delicto, as whether the discharge of the fireworks would be a nuisance would depend on the width of the street where the discharge took place, and the surrounding circumstances.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35;  Dec. Dig. § 13.*]

4. INDEMNITY (§ 13*)—IMPLIED CONTRACTS—PARTIES IN PARI DELICTO.

The right of the city to recover over was not affected by the failure of the police department to prevent the danger.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35;  Dec. Dig. § 13.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by the City of New York against William R. Hearst, as president of the National Association of Democratic Clubs.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MIL-LER, and DOWLING, JJ.

Terence Farley, for appellant.
Samuel Untermyer, for respondent.

SCOTT, J.    This is an appeal from a judgment dismissing the complaint.

The action runs now only against William R. Hearst as president of the National Association of Democratic Clubs, an unincorporated association composed of seven or more persons.   Its purpose is to recover the amount of a judgment which was obtained against plaintiff, and which it has been obliged to pay to the administratrix of Dennis Shea, deceased, who was killed by an explosion of fireworks on Madison avenue, in the city of New York, on the evening of November 4, 1902. The defendant admits that the association of which he is president caused the display of fireworks, employing for that purpose a firm experienced in the business.   It is admitted that, when the action by the administratrix of Shea was commenced against the city of New York, the latter duly notified the present defendant to come in and defend the action, and that he refused to do so, whereupon the city undertook the defense of the action which resulted in the judgment now sought to be recovered from this defendant.   That judgment is conclusive against the defendant as to the existence of the obstruction in the street, the amount of the damages, and the freedom of the injured party from contributory negligence.   Mayor, etc. v. Brady, 151 N. Y. 611, 45 N. E. 1122.   It was alleged in the complaint in the Shea Case that the exhibition of fireworks in question was dangerous, wrongful, and unlawful, or, in other words, that it constituted a public nuisance.   Whether it was such a nuisance or not was one of the issues involved in the action and squarely submitted to the jury as a question of fact, and the verdict against the city necessarily implies a finding that the exhibition was wrongful and illegal.   The judgment is therefore conclusive against the defendant upon that question.   We have it therefore settled as a result of the admissions in the pleadings and the judgment in the Shea Case that Dennis Shea was killed in consequence of the wrongful and illegal act of the association of which defendant is president in setting off or causing to be set off in a public street in the city of New York a display of fireworks, that said Shea was free from contributory negligence, and that his next of kin were damaged by his death to the extent of the judgment recovered by his administratrix. The general rule is that a municipality which has been obliged to pay a claim on account of damages sustained by an individual in consequence of a nuisance in the highway may recover over against the person who was primarily responsible for the wrong which caused the injuries.   City of New York v. Corn, 133 App. Div. 1, 117 N. Y. Supp. 514, and cases therein cited.   We do not understand that this general proposition is questioned by the defendant.   It is argued, however, that, if the exhibition of fireworks was wrongful and illegal, the plaintiff was equally at fault with the defendant, and was therefore a joint tortfeasor, and subject to the application of the rule that neither contribu-

tion nor indemnity will be enforced when the parties are in pari delicto. This argument is based upon a resolution adopted by the board of aldermen of plaintiff in October, 1902. At that time there were in force certain municipal ordinances, forbidding the setting off of fireworks within the city of New York, or at least within that portion of it in which defendant caused the exhibition to be given. The resolution above referred to reads as follows:

"Resolved: That the ordinances relating to the discharge of fireworks in the city of New York be and the same are hereby suspended so far as they may apply to meetings and parades of political parties or associations during the compaign of 1902; such suspension, however, to continue only until November 10th, 1902, and to be subject to such restrictions and safeguards as the Police Department may determine is necessary."

The nature of this resolution and its effect upon the responsibility of the city of New York for the consequence of this same accident was discussed by the Court of Appeals in Landau v. City of New York, 180 N. Y. 48, 72 N. E. 631, 105 Am. St. Rep. 709. In that case the complaint had been dismissed at Trial Term, and the dismissal affirmed by this court. The plaintiff was therefore entitled in the Court of Appeals to the most favorable view of the facts as alleged, and much that the court said is to be read in the light of that circumstance. The principal question before the court was whether the resolution above quoted should be construed as a repeal, for the time being, of the ordinances forbidding displays of fireworks, or as a license, for a limited time to give such displays, notwithstanding the ordinances. The court adopted the latter view, and held that in adopting it, although without legal authority, the aldermen made the city as well as the actual creator of the nuisance liable to one who suffered injury therefrom. As has been suggested since the Landau Case came before the court upon appeal from a dismissal of the complaint, the fact that the city authorized the display and that such display constituted a public nuisance was assumed, because alleged by the plaintiff. A few years later the Court of Appeals again had occasion to consider questions arising out of the same accident in a case which the learned counsel for the defendant have evidently overlooked, since they have not referred us to it. In that case the question was squarely presented whether or not an exhibition of fireworks in the public streets of the city was unlawful as matter of law and a nuisance per se. After a very careful and thorough examination of the authorities, the conclusion was reached that it was not, but that the question in each case was one of fact and depended upon the surroundings and conditions. The court said:

"Without attempting a general definition we are of the opinion as applied to the facts of the case before us, if the natural tendency of the act complained of is to create danger and inflict injury upon persons or property, it may properly be found a nuisance as matter of fact; but, if the act in its inherent nature is so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty, it should be held a nuisance as matter of law. * * * Locality, surroundings, methods, the degree of danger, and the custom of the country are the important factors."

The result of the application of this rule was that, while an exhibition of fireworks at the junction of two narrow streets (as in Speir v.

City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A..641, 36 Am. St. Rep. 664) would be a nuisance per se, it would not be such at some wider space (Melker v. City of New York, 190 N. Y. 481, 83 N. E. 565, 16 L. R. A. [N. S.] 621). The resolution of October, 1902, as will be observed, did not specify where or under what conditions exhibitions of fireworks might be given, leaving the place, in each instance, to the judgment and discretion of the person who availed himself of the permission. Reading the Landau and Melker Cases together, in the light of the nature of the resolution, the situation presented is that the city gave a general permit for exhibitions of fireworks, each of which might or might not be a nuisance, depending upon the surrounding conditions, which were to be determined upon in each cause by the person giving the exhibition. As regards persons who might be exposed to danger from such exhibitions, such a resolution was, to say the least, unwise, but we are not now concerned with the responsibility which the city thereby assumed to such persons.

The question here is between the city and a person who in availing of the permit did so under such wrongful and unlawful conditions as to create a nuisance. Whether or not the plaintiff can recover over from the defendant depends upon whether plaintiff and defendant as between themselves were in pari delicto. There are undoubtedly cases in which a municipality has been held not to be entitled to recover over from a licensee for damages suffered because of an obstruction erected in the highway. A typical case of this character was Village of Geneva v. Brush Electric Co., 50 Hun, 581, 3 N. Y. Supp. 595. In that case one Mahoney had suffered injury in consequence of the unlawful location of an electric light pole in the highway. The village, having been compelled to pay damages, sought to recover over from the electric company to whom the pole belonged. It was held to have no claim to such indemnity upon the express ground that the village had consented to the maintenance of the pole in the position in which the company had received it from a former owner. The distinction between that case and the present is perfectly clear. There the village was an active participant in the erection and maintenance of the pole in the position which it was placed, and the fact that it was placed there of itself made it an unlawful obstruction. This very case gives a classification of the instances in which a recovery over is permitted, and among others states the following:

"Where both parties have been in fault, but not in the same fault towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury."

The present case seems to us to fall precisely within this class. Both parties were at fault—the defendant for setting off fireworks under conditions which created a nuisance, the plaintiff for not having prevented the exhibition. But the primary and efficient cause of Shea's death was the explosion of fireworks undertaken to be exhibited under improper surroundings; and for the selection of the place for the exhibition and the choice of surroundings the defendant alone was responsible. The rule applicable to actions of this character does not seem to be difficult or obscure. If the municipality permits a thing to

be done upon the highway which is in its very nature unlawful and will necessarily result in a dangerous nuisance, and is called upon to pay damages, it cannot recover over against its licensee, because both are in pari delicto. But if the permit is to do a thing which may or may not result in a dangerous nuisance, according to the manner in which and the circumstances under which the licensee acts, and he does act in such a way as to create a dangerous obstruction or nuisance, the municipality may recover over from its licensee any damages which it has been obliged to pay, because in such a case the parties are not in pari delicto. Of the latter class of cases many instances are to be found in the books.

In Village of Port Jervis v. First Nat. Bank of P. J., 96 N. Y. 550, the village had given the bank a permit to make an excavation on the sidewalk in a public street. This might or might not constitute a dangerous obstruction according to the manner in which the licensee made and protected it. The bank failed to properly guard it, and a passerby was injured and recovered damages from the village, which was allowed to recover over from the bank. The Court of Appeals said:

"Consent by a municipal corporation to do a lawful act merely permits it to be done in a careful, prudent, and lawful manner, and when it is performed in any other manner, and an injury to a third person ensues, the author of the injury is liable therefor. * * * Upon receiving a license from the body authorized to grant it, * * * the licensee impliedly agreed to perform the act in such a manner as to save the public from danger and the municipality from liability."

The granting of a general permit to set off fireworks did not necessarily and as matter of law permit the creation of a nuisance, because, as was held in the Melker Case, supra, such an exhibition might or might not be a nuisance, depending upon the place at which it was given and the surrounding circumstances, and whether it was a nuisance or not was a question of fact. So far as concerns this action, it is conclusively established by the verdict that this particular exhibition was a nuisance, and the defendant admits that the association of which he is president caused the fireworks to be set off. It is not pretended that plaintiff had anything to do with selecting the place for the exhibition. Its culpability rests in the failure to prevent the exhibition. It was its duty to keep the highway open and free from nuisances, and, having failed in the performance of this duty, it became liable to the persons who were injured. In such a case the authorities are numerous, and in this country well nigh unanimous, that a right of recovery over exists in favor of the municipality. We had occasion to cite some of these recently in City of New York v. Corn, supra. The defendant's liability is not affected by the fact that the resolution which has been construed as a permit provided that the exhibition of fireworks to be given under it should be "subject to such restrictions and safeguards as the police department may determine is necessary." This gave the police no power to determine where an exhibition should be held, but, even if it did, the failure of that department to prevent a dangerous display would not make the city an active participant in the nuisance, for the municipality is not responsible for the errors of judgment of its police officers.

For these reasons, the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur.

DOWLING, J. (dissenting). The liability which is sought to be established as against the defendant is predicated solely upon the judgment recovered in the Shea action, the record in which, including the testimony, was offered in evidence by the city of New York, that from it might be ascertained "the subject-matter and to fix the scope of the thing adjudged." The complaint in that action set forth the passage by the board of aldermen of the resolution of October 21, 1902, and the necessary steps had to make the same operative, including the transmission of a copy thereof to the police department. It further alleged the discharge of dangerous fireworks by a political association on November 4, 1902, under authority of said resolution, along and upon Madison avenue, in the city of New York, as the result of which an explosion occurred, causing the death of plaintiff's intestate. It was further alleged, upon information and belief:

"That the death of said Dennis Shea was caused solely by and through the wrongful and unlawful acts of the defendant [i. e., the city of New York] in authorizing, encouraging, aiding, procuring and permitting the discharge of said dangerous fireworks, at the time and place aforesaid."

The learned trial justice charged the jury in part as follows:

"Was it a nuisance, a wrongful act, on the part of the city, to permit such a display upon a public street where so vast a concourse of people was assembled? Whether a nuisance or not is to be determined from the nature of the display and the surrounding circumstances. What might be rightful in one place in the city under given circumstances might be wrongful in another place and under different conditions. The people had a right to use the public streets and parks, and the city was bound to exercise reasonable care in keeping them reasonably safe for the use and enjoyment of the people. According to the undisputed testimony, thousands of people, 60,000 or 75,000, were assembled at this point in this neighborhood. Was it reasonable care upon the part of the city to permit under the circumstances disclosed a fireworks display embracing firing from mortars? Was danger to be reasonably apprehended under the circumstances? It was not a necessary use of the streets by the city for the performance of any public work. Was the permission given by the city under the circumstances wrongful? 'Fireworks exhibited on an extensive scale in a great thoroughfare in the midst of a large city where a vast multitude of people is assembled, if not a nuisance as a matter of law, may properly be found to be such as a matter of fact.' That proposition is the language of the Court of Appeals. It is claimed by the city that the discharges of fireworks of the character discharged on this night have been shown to have been frequently given without disaster or mishap of any kind, but plaintiff urges that allowing such use to be made of the streets under the circumstances was wrongful, for the reason that it was unnecessary, and that it permitted this display in the crowded streets near the center of the largest city of the continent where any misadventure in managing the discharge would be likely to result in injury to persons and property." ·

There had been no question of negligence in the conduct of the fireworks display in question. There is not a suggestion thereof in the Shea record, nor was it referred to in the pleadings or in the judge's

charge. The question submitted to the jury was not one of negligence. It was solely one of nuisance. And it was not one of a nuisance based upon the method of execution of the permission given under the resolution, nor based upon technical consent to the display in question. Upon the issues presented to the jury, their verdict for the plaintiff in that suit determined that the display in question constituted in fact a nuisance, in the creation of which the city of New York had been an active participant, by the granting of a wrongful permission, under which fireworks could be set off in any particular place, and by not merely failing to interfere, but by affirmative acts resulting in permitting the display to be given, under the resolution, in the very place in which it was given (which was a dangerous place), and under the control of the police department, to whom the city had delegated the duty of establishing the restrictions and safeguards which might be deemed necessary. It is not claimed that these restrictions and safeguards were disregarded or violated by the present defendant. It seems clear to me that the city of New York and the defendant Hearst, upon the record in the Shea Case, must be deemed to have been in pari delicto, in which situation there can be neither indemnity nor contribution between the joint wrongdoers. Trustees of Village of Geneva v. Brush Electric Co., 50 Hun, 581, 3 N. Y. Supp. 595, affirmed 130 N. Y. 670, 29 N. E. 1034.

I believe, therefore, that the present judgment should be affirmed, with costs.