LORD ELECTRIC CO. v. BARBER ASPHALT PAVING CO. (No. 6625.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. JUDGMENT (§ 699*)—CONCLUSIVENESS—PARTIES.

Where plaintiff's contract with a city for surface construction on a bridge required that plaintiff take ample precautions against injury by fire, and make good at its own expense any parts of the work damaged through its failure to take such precautions, and, plaintiff having sublet the asphalt paving work to defendant with the same condition, the work was damaged by failure of defendant's employés to take sufficient pre-

caution, and in a suit by plaintiff to recover a balance due under its contract the city was found entitled to deduct from the amount due plaintiff for the repair of the fire damage, such judgment was conclusive on defendant as to the amount the city was entitled to deduct and the right to make the deduction from the contract price, provided defendant was responsible for the fire; it having been notified to appear and defend such issue in the original action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1223, 1224; Dec. Dig. § 699.*]

2. CONTRACTS (§ 337*)—ACTION AGAINST SUBCONTRACTOR—BREACH OF CONTRACT.

Plaintiff sued to recover for money claimed to have been paid the city of New York because of defendant's failure to properly perform a subcontract for the asphalt surfacing of Manhattan Bridge. Plaintiff alleged that both its contract and the subcontract required the taking of ample precautions against injury by fire, and required the contractor and subcontractor to make good parts of the work damaged through failure to take such precautions, and that, through the negligence of defendant's employés, a fire was started, damaging the work and causing the loss specified. *Held*, that such allegation stated a sufficient cause of action for defendant's failure to perform its contract and to repair the work damaged.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1682–1690; Dec. Dig. § 337.*]

3. ACTION (§ 45*)—JOINDER OF ACTIONS—"INJURY TO PROPERTY."

Where plaintiff brought one cause of action for damages from defendant's breach of a subcontract, consisting of a failure to take ample precautions to protect the work from fire and to repair damages resulting therefrom, plaintiff being required to suffer a deduction by reason of the fire loss, such damage was not an injury to plaintiff's property, within Code Civ. Proc. § 3343, subd. 10, defining an "injury to property" as an actionable act whereby the estate of another is lessened, other than a personal injury or the breach of a contract, so as to entitle plaintiff to join such action with another action for injuries to plaintiff's personal property by fire alleged to have been negligently set by defendant, under section 484, authorizing joinder of actions for injuries to property.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–448; Dec. Dig. § 45.*

For other definitions, see Words and Phrases, First and Second Series, Injury to Property.]

4. ACTION (§ 47*)—JOINDER OF ACTIONS—CONTRACT AND TORT.

Plaintiff, having a contract with New York City for certain surface construction on Manhattan Bridge, requiring it to take ample precautions to protect the work against injury by fire and to make good any parts of the work damaged through a failure so to do, let the work of asphalt paving to defendant by a subcontract containing the same provisions. A fire having occurred from the negligence of defendant's employés, plaintiff was found liable for such damages in its suit against the city, which defendant was notified to defend, after which plaintiff sued defendant to recover such deduction, and sought to join a cause of action for injuries to plaintiff's own property by a fire alleged to have been negligently set out by defendant's employés. *Held*, that the first cause of action was based on defendant's contract liability to indemnify plaintiff for the damage sustained, while the other was in tort for negligence, and hence they could not be properly joined, though the whole damage resulted from the same fire.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469, 470, 472–489; Dec. Dig. § 47.*]

Ingraham, P. J., and Dowling, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by the Lord Electric Company against the Barber Asphalt Paving Company. From an interlocutory judgment overruling defendant's demurrer to the complaint, it appeals. Reversed, with leave to plaintiff to sever.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

L. Laflin Kellogg, of New York City (William K. Hartpence, of New York City, on the brief), for appellant.

Frederick Hulse, of New York City, for respondent.

LAUGHLIN, J. The complaint contains two counts or causes of action. The first is to recover the sum of $27,488.56, which plaintiff alleges it has, in effect, been obliged to pay to the city of New York, owing to the failure of the defendant to properly perform a subcontract for part of the contract work which the plaintiff had agreed with the city of New York to perform, together with the sum of $530.76 costs recovered against it by the city. On the 18th day of June, 1909, the plaintiff entered into a contract with the city of New York for certain surface construction work on the Manhattan Bridge over the East River, which the city was then constructing, and with the consent of the city the plaintiff employed the defendant to do the asphalting embraced in its contract. Through the negligence of the employés of the defendant in overheating a kettle of tar, or tar and asphalt, during the performance of the work, a fire was started, damaging ties and other work to an extent which required the expenditure by the city for replacement and repairs of the amount, less the item of costs, for which this action is brought, and in an action by the plaintiff against the city to recover on its contract for said work the city pleaded said amount, and another item relating to another fire, as damages caused by the failure of the plaintiff to take "ample precaution" to protect the finished work against injury by fire, as required by the express provisions of the contract.

The plaintiff pleads the material provisions of its contract with the city and alleges, among other things, that, by the express provisions of its contract with the defendant, the defendant undertook and agreed to accept all the conditions and perform all the obligations with respect to said work imposed upon the plaintiff by its contract with the city, and that it thereby became the duty of the defendant to take *ample* precautions to protect the work and the structure, so far as completed, against injury by fire, and to make good at its own cost and expense, and to the satisfaction of the engineer representing the city, the parts of the work damaged through its failure to take such precautions as the plaintiff was expressly obligated to do by its contract with the city. The plaintiff alleges that after the city interposed its answer in the action by the plaintiff to recover the balance of the contract price of the work, pleading that the city was obliged to expend said amount for repairing and replacing the damaged parts of the work, the plaintiff duly notified the defendant in writing of the commencement and pendency of said action and of the issues therein involved, and particularly of the claim

made by the city for an offset or deduction from the contract price of the work on account of the damages caused by fire, and duly demanded that the defendant undertake the conduct of the action in so far as it affected said damages claimed on account of the fire, and that it defend the plaintiff against said claim made by the city, and that the plaintiff would look to it for indemnity.

[1] This court in that action held that the city was entitled to retain, and deduct from the amount due the plaintiff under the contract, the cost of such replacement and repairs (Lord Electric Co. v. City of New York, 160 App. Div. 344, 145 N. Y. Supp. 205), and the judgment in that action is conclusive on defendant with respect to the amount the city was entitled to deduct and with respect to its right to make the deduction from the contract price, provided the defendant was responsible for the fire (City of New York v. Corn et al., 133 App. Div. 1, 117 N. Y. Supp. 514; City of New York v. Lloyd, 148 App. Div. 146, 133 N. Y. Supp. 118).

The second count is to recover $11,500 for damages alleged to have been caused to property of the plaintiff by fire, owing to the negligence and carelessness of the defendant in managing furnaces used for heating asphalt, and in failing to guard and control the fires therein during the performance of said work. It is not alleged that the fire which caused the damages to the plaintiff's property was the same fire as that which damaged the property of the city.

The grounds of the demurrer are (1) that causes of action have been improperly united, in that a cause of action on a contract of indemnity, express or implied, has been united with a cause of action for tort, not arising out of the same transaction, or transactions connected with the same subject of action; and (2) that it appears upon the face of the first cause of action that the facts are insufficient to constitute a cause of action.

[2] There is no merit in the second ground of demurrer. It is quite clear that the first count of the complaint sufficiently alleges a cause of action, which may briefly be stated to be one for the failure of the defendant to perform its contract obligation to replace and repair any work damaged by defendant during the construction, and to take proper precautions to protect the work from injury by fire, and that the amount of the liability has been determined in the action by the plaintiff against the city, of which the defendant had due notice and an opportunity to defend, against the claim made by the city therein.

[3] The demurrer for misjoinder of causes of action was overruled by the Special Term on the theory that, regardless of whether the first cause of action is on contract or in tort, it is for an injury to property, and that both causes of action are for injuries to property within the contemplation of the provisions of section 3343, subd. 10, of the Code of Civil Procedure, and that such causes of action may be joined under section 484 of the Code of Civil Procedure. I am unable to agree with that theory. The first cause of action is not for an injury to the plaintiff's property. The only manner in which the plaintiff's property has been injured on account of the facts therein alleged is by the plaintiff's being unable to collect the amount due and owing to it from the

city on account of the defendant's failure to perform its subcontract in the manner agreed. That, I think, is not an injury to property within the legislative definition. In one view of the question it is unnecessary to decide whether the first cause of action is for negligence, or is for the breach of a contract, express or implied, because in either event the causes of action as pleaded have been improperly joined, for it is not alleged that they arose out of the same transaction, or transactions connected with the same subject of action, and therefore, even if the cause of action be for negligence, it could not be joined with the other tort action. It may be, however, that the damage to the plaintiff's property which is the subject of the second cause of action was caused by the same fire which damaged the property of the city, and that on that theory they both arose from the same cause, and therefore it is proper that we should decide whether the objection raised by the demurrer can be obviated by amendment, or whether it will become necessary to sever the action.

[4] If the damages to which the plaintiff was subjected as alleged in the first count were due to any act or omission on the part of the defendant, without the existence of any contract obligation or duty on its part to the plaintiff, then it might well be claimed that the plaintiff is merely seeking to enforce by subrogation a cause of action for negligence, and that it would therefore not be an action on contract, but one sounding in tort. City of Rochester v. Campbell, 123 N. Y. 405, 413, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; O. S. N. Co. v. Co. T. E., 134 N. Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685; same case, 144 N. Y. 663, 39 N. E. 360; Conn. Mut. Life Ins. Co. v. N. Y., N. H. & H. R. R. Co., 25 Conn. 265, 65 Am. Dec. 571. But where, as here, the action proceeds on the theory that the defendant is liable as an indemnitor, and the liability is predicated upon a contract, express or implied, and upon the ground that as between the parties the primary duty or obligation, on which plaintiff has been obliged to respond in damages, rested upon the defendant, then the action is, I think, based on contract. City of Brooklyn v. City R. R. Co., 47 N. Y. 475, 7 Am. Rep. 469; Dunn v. Uvalde Paving Co., 175 N. Y. 214, 67 N. E. 439; Prescott v. Le Conte, 83 App. Div. 482, 82 N. Y. Supp. 411, affirmed 178 N. Y. 585, 70 N. E. 1108; City of Rochester v. Montgomery, 72 N. Y. 65; Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550. See, also, Phœnix Bridge Co. v. Creem, 102 App. Div. 354, 92 N. Y. Supp. 855, affirmed 185 N. Y. 580, 78 N. E. 1110; City of Rochester v. Campbell, supra, 123 N. Y. at page 411, 25 N. E. 937, 10 L. R. A. (N. S.) 393, 20 Am. St. Rep. 760.

In the action by the plaintiff against the city, the foundation of the city's right to deduct the amount for part of which the plaintiff is now suing was a breach of the plaintiff's contract, which was evidenced by the negligence resulting in the fire which caused the damages; and so here the action is predicated upon a breach of the defendant's contract duty to the plaintiff, which was imposed upon defendant in the same form in which the duty was imposed upon the plaintiff in favor of the city, and to the same extent; and as was held by this court in Prescott v. Le Conte, supra, it is not necessary that the liability shall

be on the same contract, in order that one may be liable over to another. The liability on the first cause of action being upon contract, the cause of action could not be joined with the second which is for negligence.

It follows, therefore, that the interlocutory judgment should be reversed, with leave to plaintiff to sever the action (Code Civ. Proc. § 497), upon the payment of costs of the appeal and of the demurrer.

McLAUGHLIN and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). I think it clear that, if the complaint alleged that the injury both to the property belonging to the city and the property belonging to the plaintiff occurred at the same time and was caused by the same fire which resulted from the negligence of the defendant, the case would come within subdivision 9 of section 484 of the Code of Civil Procedure, which authorizes the plaintiff to unite in the same complaint two or more causes of action "upon claims arising out of the same transaction or transactions connected with the same subject of action." The failure of the plaintiff, however, to allege that the damages for which it seeks to recover upon these two causes of action were caused by the same fire would require us to sustain demurrer to the complaint, if that was the only subdivision of section 484 of the Code of Civil Procedure which was applicable. But I think that these two causes of action may fairly be said to come within subdivision 6 of that section, which provides that causes of action may be united where they are brought to recover "for injuries to personal property."

The first cause of action is based upon the damage that was sustained by the city in consequence of the fire, which was caused by the negligence of the defendant and which destroyed property of the city to the value of $27,488. It seems to me that this was clearly a cause of action based upon injury to personal property. The question as to the defendant's liability to the plaintiff was based upon the fact that the plaintiff had a contract with the city to do work upon this bridge, that the plaintiff sublet a portion of this contract to the defendant, and that the defendant in the performance of that contract negligently allowed a fire to start, which consumed said property to the value stated. When the city sought to recover the damage sustained from the plaintiff, the defendant had notice of that suit, with an opportunity of defending, and therefore the proof of the negligence which caused the fire and the amount of the recovery was binding upon the defendant. The allegations as to the contract and the city were necessary to make the defendant liable to the plaintiff, instead of to the city, whose property was destroyed; but, as I view it, that does not constitute an action on contract, or based upon the violation of a contract, but the action is still for the negligence of the defendant, which caused the destruction of the city's property, for which the plaintiff has been held liable, and for which, under its contract, the defendant assumed liability.

The cause of action is for the destruction of property of the city, and I see no reason why the city could not have sued the defendant to recover for the damage it sustained in consequence of the defend-

ant's negligence. The city, instead of suing the defendant, sued the plaintiff, and, in consequence of the relation of the plaintiff to the work that both plaintiff and defendant were engaged in, plaintiff was held primarily liable. When the plaintiff seeks to recover on that liability against the defendant, but for the adjudication in the action by the city against plaintiff, plaintiff would have to prove the defendant's negligence and the destruction of the city's property in consequence thereof. There is no reason why both of these causes of action should not be tried together, and the liability of the defendant for the destruction of the city's property and the destruction of the plaintiff's property disposed of at the same time. It seems to me that to hold that one cause of action is based on contract and that the other is for an injury to personal property, thus necessitating two trials, where the whole claim can be disposed of at one trial, is not required by any section of the Code of Civil Procedure or any of the cases cited.

I therefore dissent from the reversal of this judgment.

DOWLING, J., concurs.