LORD ELECTRIC COMPANY, Appellant, *v.* BARBER ASPHALT PAVING COMPANY, Respondent.

Contract — work done by subcontractor subject to all conditions and obligations imposed upon general contractor — action by general contractor to recover from subcontractor amount which general contractor was compelled to pay for damage caused by fire — when contract calls for care negligence may be proved — res adjudicata — when judgment not conclusive against subcontractor.

1. The city of New York contracted with plaintiff for the construction of a bridge. Plaintiff in turn entered into a contract with defendant to furnish certain labor and materials. By the latter agreement it was " expressly understood and agreed that with respect to all the work to be done and materials to be furnished hereunder (defendant) shall· accept all the conditions and perform all the obligations imposed by said general contract upon the (plaintiff) with reference to the same work." The principal contract required plaintiff to take ample precaution to protect the work from fire. Defendant thereby undertook the work subject to all the conditions and obligations which would have been imposed upon plaintiff with reference thereto had it done the work itself.

2. During the progress of the work and before final acceptance, it is alleged that defendant caused a fire which damaged the bridge structure. Plaintiff was held liable, in an action against the city, under its contract to make the city good for damages to the construction work as a whole, and the cost of making good the parts damaged was deducted from the amount due it. This action is brought to recover on the subcontract from defendant the amount that plaintiff was thus compelled to pay. The complaint alleges the violation of the contract by the negligence of the defendant in taking precautions against fire. Although defendant's obligation to restore the damaged

parts was not absolute, it was improper to hold that their negligence could not be shown as a breach of the contract.

3. The judgment in the action brought against the city by plaintiff is not conclusive as against this defendant as it was not on the merits but a nonsuit merely, and there has been no proof of damage or adjudication of the amount binding on defendant. A jury should be permitted to render a verdict for such sum as is shown to have been due to the failure of defendant to comply with the terms of its contract.

*Lord Electric Co.* v. *Barber Asphalt Paving Company,* 179 App. Div. 926, reversed.

(Argued April 22, 1919; decided May 27, 1919.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 24, 1917, affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick Hulse* for appellant. The verdict should not have been set aside nor the complaint dismissed. (*Lord El. Co.* v. *City of New York,* 160 App. Div. 344.) In no aspect of the case was the court justified in dismissing the complaint. (*Ocean Steam Navigation Co.* v. *Compania Transatlantica Espanola,* 134 N. Y. 461.)

*Abram J. Rose* and *Alfred C. Petté* for respondent. The complaint was properly dismissed because the cause of action therein set out was based on the alleged contract obligation of the defendant to indemnify the plaintiff for all loss occasioned to the plaintiff by being compelled to make good to the city any part of the bridge structure damaged prior to the final acceptance of the plaintiff's work, for which loss and damage the defendant was in no way liable under its contract with the plaintiff. (*Lord Electric Co.* v. *City of New York,* 160 App. Div. 344; *Seymour* v. *Warren,* 179 N. Y. 1; *Nichol* v. *Sands,* 131 N. Y. 19; *Woolsey* v. *Funke,* 121 N. Y. 87; *Insurance*

*Co.* v. *Dutcher,* 95 U. S. 269; *Anderson* v. *English,* 105
App. Div. 400; *Fox* v. *Coggeshall,* 95 App. Div. 410;
*Isaacs* v. *Dawson,* 70 App. Div. 232; 174 N. Y. 537;
*Geurini Stone Co.* v. *P. J. Carlin Construction Co.,* 240
U. S. 264; *Woodruff* v. *Hough,* 91 U. S. 596; *Mannix*
v. *Tryon,* 152 Cal. 31; *Neuval* v. *Cowell,* 36 Cal.
648; *Modern Steel Structural Co.* v. *English Construction
Co.,* 129 Wis. 31; *Noyes* v. *Butler Bros.,* 98 Minn. 448;
*Short* v. *Van Dyck,* 50 Minn. 286.)   The action having
been brought and tried on the theory of the contractual
liability of the defendant, the judgment cannot now be
attacked upon some other or different theory of liability.
(*Leeds* v. *N. Y. Telephone Co.,* 79 App. Div. 121; *Tread-
well* v. *Clarke,* 114 App. Div. 493; *Jones* v. *Jones,* 118
App. Div. 148; *Jackson* v. *Strong,* 222 N. Y. 149; *Walrath*
v. *Hanover Fire Ins. Co.,* 216 N. Y. 220; *Lamphere* v.
*Lang,* 213 N. Y. 585; *Northan* v. *Dutchess Co. Mut.
Ins. Co.,* 177 N. Y. 73; *Romeyn* v. *Sickels,* 182 N. Y.
651; *Day* v. *Town of New Lots,* 107 N. Y. 148; *Stapenhorst*
v. *Wolf,* 65 N. Y. 596.)   Whether the action be regarded
as one upon the theory that the defendant was obligated
by its contract to protect the entire bridge structure
from fire and to make good all property injured, or one
based on the alleged negligence of the defendant in
causing the fire, the complaint was properly dismissed
because the plaintiff failed to prove any legal damage
whatsoever. (*Dunn* v. *Uvalde Asphalt Paving Co.,* 175.
N. Y. 214; *Rogers* v. *Kelsey,* 105 N. Y. Supp. 119;
*Peterson* v. *Ocean El. Ry. Co.,* 214 N. Y. 43; *Niagara
Fire Ins. Co.* v. *Campbell Stores,* 101 App. Div. 400; 184
N. Y. 582; *People ex rel. Nolan* v. *Prendergast,* 88 Misc.
Rep. 307; 169 App. Div. 959; *Stokes* v. *Atlantic Ave. R.
R. Co.,* 89 Hun, 2; 24 Am. & Eng. Ency. of Law [2d
ed.], 801, 802; *Webb* v. *Beuckelew,* 82 N. Y. 555; *Matter
of Spelman* v. *Terry,* 74 N. Y. 448; *Loeb* v. *Willis,* 100
N. Y. 237; *Rudd* v. *Cornell,* 171 N. Y. 114; *Clarke* v.
*Scoville,* 198 N. Y. 279; *Manhattan Life Ins. Co.* v.

*Broughton,* 109 U. S. 121; *Russell* v. *Place,* 94 U. S. 606; *Haldeman* v. *U. S.,* 91 U. S. 584.)

Pound, J. The city of New York constructed the Manhattan bridge over the East river. After the structural construction work of masonry and steel had progressed sufficiently, it entered into a contract with plaintiff for surface construction work, including railings, stairways, pavements, track and electrical equipment. The contract price was about $400,000. Plaintiff in turn entered into an agreement with defendant to furnish all labor and materials for asphalting called for by its contract. The price was about $11,000. In and by the latter agreement it was " *expressly understood and agreed that with respect to all the work to be done and materials to be furnished hereunder (defendant) shall accept all the conditions and perform all the obligations imposed by said general contract upon the (plaintiff) with reference to the same work.*" Plainly, then, defendant undertook the work subject to all the conditions and obligations which would have been imposed upon plaintiff with reference thereto had it done the work itself. So far as the responsibility for doing this particular work was concerned, it took plaintiff's place and stood in plaintiff's shoes.

The specifications, which were a part of the principal contract, provided that " all parts damaged during erection, as well as at any other time prior to the final acceptance of the work, shall be made good to the satisfaction of the engineer and at the cost of the contractor." They also provided that " during the entire erection of the work ample precaution shall be taken to protect it against injury by fire."

On March 25, 1910, during the progress of the work and before final acceptance, it is alleged that defendant caused a fire which damaged the bridge structure. Plaintiff was held liable under its contract to make the city good for damages to the construction work as a whole

Lord Elec. Co. v. Barber Asphalt Paving Co. 431

1919.] ·                    Opinion, per Pound, J.                    [226 N. Y.]

(*Lord Electric Co.* v. *City of New York*, 160 App. Div. 344; affd., 217 N. Y. 634), and the cost of making good the parts damaged was deducted from the amount due it, over its contention that it was bound only to replace the work which it had agreed to perform, to the extent that it was damaged.

This action is a sequel of the first action and is brought to recover on the sub-contract from defendant the amount that plaintiff was thus compelled to pay. The complaint alleges the violation of the contract by the negligence of the defendant in taking precautions against fire. The question is solely as to the contract obligations of defendant to plaintiff. The trial court, having reserved decision of defendant's motion to dismiss the complaint, after verdict for plaintiff, held that plaintiff could not recover on its contract because that contract would be searched in vain for any agreement on the part of the defendant to protect the property of the city of New York and to restore and make good any and all property damaged by its act during the progress of its work. The verdict was set aside on the ground that it was contrary to law and the complaint dismissed, with costs. The trial justice said that the situation of the plaintiff was hard and made one impatient with the processes of law, but he found no escape. The Appellate Division unanimously affirmed the judgment below and the appeal is here by permission of this court. We think that the action can be maintained.

It may well be that the contract obligation to make good all parts of the bridge damaged during erection was binding upon the principal contractor only, but the plaintiff also agreed with the city to take ample precaution to protect the entire structure against injury by fire and it follows as a corollary that the defendant, while doing its work, was bound by contract to take ample precautions to protect the entire structure against injury by fire caused by it. Such is the fair and reason-

able construction of the contract, and the construction dictated by consistency and a due regard for the rights of litigants in order to give effect to the design of the parties and to comprehend the dangers which they undertook to guard against. Defendant brought its large iron kettles to heat tar and asphalt upon the structure. If the kettles were overheated or improperly covered when fires were started under them on windy days, the safety of the entire bridge structure was threatened. The liability of the plaintiff should not be extended to cover the entire work and the liability of the defendant limited to its own work, when defendant, as to the doing of such work, accepted all the conditions of the principal contract. Although the acts complained of were negligent, the action is on the contract, for the contract imposes upon the defendant while doing its work, the duty of taking ample precaution, as against the dangers it creates, to protect the bridge against injury by fire, and thus imposes the duty of making plaintiff good for any loss resulting from its breach. Negligence, considered merely as a tort, is a wrong independent of contract, but negligence may also be a breach of contract if the contract itself calls for care.

On the trial the court ruled that the question of negligence was not in the case to be litigated and it was not litigated. Plaintiff's counsel accepted the suggestion of the court that because the action was on contract it was necessary to prove only the cause of the fire. That was the only question submitted to the jury, but the question of ample precaution against fire was also in the case and might have been submitted on the evidence which tended to show the manner in which the fire occurred; that defendant's fire boxes were not properly protected and that sparks which escaped therefrom caused the fire. No proper exception by the plaintiff raises the point that the failure to take reasonable precautions against fire was litigable. Counsel and court adopted

as the law of the case the rule of the Appellate Division laid down on appeal from an interlocutory judgment on a demurrer. (165 App. Div. 399, 401.) That court said " the judgment in that action (*Lord Electric Co. v. City of New York, supra*) is conclusive on defendant with respect to the amount the city was entitled to deduct and with respect to its right to make the deduction from the contract price *provided the defendant was responsible for the fire.*" Plaintiff's allegations and proof were sufficiently broad to enable it to establish a cause of action based on negligence. When counsel and the trial court were thus led so to shape the course of the trial as to induce the defect of proof which is now complained of, this court should be at pains to minimize the consequences of the mistake, in order to prevent a perversion of justice.

On the question of damages, the ruling was too favorable to plaintiff. On the theory that the judgment in the first action was conclusive the amount of the verdict was directed at the amount of that judgment and interest, the sum of $32,304.36. The plaintiff offered evidence tending to show that defendant was responsible for the fire but relied on the judgment to establish the amount. We are of the opinion that there has been no proof and adjudication of the amount of damage binding upon defendant. The Appellate Division in the first action (*Lord Electric Co. v. City of New York, supra*), which was brought by plaintiff to recover the full amount remaining unpaid on the contract, reversed a judgment for plaintiff and dismissed the complaint on defendant's motion made at the close of the evidence. The order of the Appellate Division thereon shows that the words " on the merits " were stricken out when the order was signed. The city, on the trial of that action, made proof of damage to the bridge and relied upon the final certificate of the architect to defeat plaintiff's recovery of the amount which it had withheld to cover such damage.

Plaintiff disputed the legal rule which made that amount deductible from the amount due it under the contract. While there was no dispute as to the amount, the Appellate Division made no finding thereon. It held merely that plaintiff was not entitled to recover. The nature of the former judgment is not free from doubt, but we think that it should be taken as a nonsuit rather than a decision on the merits, binding upon the parties to this action, on the question of damages. (*Deeley* v. *Heintz*, 169 N. Y. 129, 134; *Lindenthal* v. *Germania Life Ins. Co.*, 174 id. 76, 81.)

Other evidence of damage to the bridge structure appears on the record and it appears that the city compelled the plaintiff to pay a large sum for such damage. A jury should be permitted, on the evidence in this action, to render a verdict for such part of that sum as is shown to have been due to the failure of defendant to comply with the terms of its contract. The record presents two questions of fact. Did defendant negligently cause the fire in violation of its obligations under the contract? Did plaintiff establish damages? The plaintiff is, therefore, entitled to a hearing before a jury. The verdict was properly set aside because it was erroneously directed as to the amount of damages, but the complaint should not have been dismissed. A new trial should have been granted upon defendant's exceptions.

The judgments should be reversed and a new trial granted, with costs to abide the event.

Hiscock, Ch. J., Collin, Cuddeback, Cardozo, Crane and Andrews, JJ., concur.

Judgments reversed, etc.