The appeal from the order of January 6, 1897, denying defendant's motion for a new trial should be dismissed.

All concur.

Appeal dismissed.

---

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* JOHN BRADY et al., Appellants.

1. MUNICIPAL CORPORATION — JUDGMENT AGAINST, FOR INJURY FROM OBSTRUCTION IN STREET — RECOVERY OVER, FROM PERSON PRIMARILY LIABLE — JUDGMENT AS EVIDENCE. A judgment against a municipal corporation for damages for a personal injury caused by an obstruction in a street is conclusive evidence in its favor of the amount of damages, the existence of the obstruction and the freedom from negligence of the injured party, in an action for reimbursement against the person primarily liable for the injury, who was notified of the former action.

2. RECOVERY OVER, FROM SURETIES OF CONTRACTOR PRIMARILY LIABLE FOR INJURY FROM OBSTRUCTION IN STREET — EVIDENCE. The judgment roll in an action in which a judgment, paid by it, had been obtained against a municipal corporation (after notice of the action to a contractor for municipal work and his sureties) for a personal injury caused by an obstruction in a street, with undisputed proof *de hors* the record that the negligent act in suit was that of the contractor, *held*, to have entitled the municipality to the direction of a verdict in an action brought by it to obtain reimbursement from the sureties of a contract which provided that the contractor would save the municipality harmless from actions for personal injuries resulting from negligence in the performance of the work.

3. OMISSION OF MUNICIPALITY TO RETAIN CONTRACT MONEY. The sureties for the performance of a municipal contract are not released from an obligation to save the municipality harmless from claims for damages for personal injuries arising from negligence, by the omission of the municipality to exercise an optional right to retain the contract money until the settlement of all such claims.

*Mayor, etc., of New York* v. *Brady*, 81 Hun, 440, affirmed.

(Argued February 3, 1897; decided February 12, 1897.)

Appeal from a judgment of the General Term of the Supreme Court. in the first judicial department, entered December 3, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover the amount of a judgment recovered against the city of New York by reason of the alleged negligence of contractors, against whose acts the defendants had indemnified the city.

The facts, so far as material, are stated in the opinion.

*Clarence L. Barber* and *James A. Deering* for appellants. By paying over to the contractors the money held as an indemnity against the Cruikshank claim, the city released the sureties. (Baylies on Sureties, 239; Brandt on Suretyship & Guaranty, §§ 370–372, 384; De Golyar on Guarantees [Am. ed.], 438; Pollock on Cont. 251; Story's Eq. Juris. § 501; *Mathews* v. *Aikin*, 1 N. Y. 595; *Grow* v. *Garlock*, 97 N. Y. 81; *Trustees of U. College* v. *Wheeler*, 61 N. Y. 110; *Sheppard* v. *Conley*, 30 N. Y. S. R. 639; *Schroeppell* v. *Shaw*, 3 N. Y. 457; *Chester* v. *Bank of Kingston*, 16 N. Y. 336; *Bank of Albion* v. *Burns*, 46 N. Y. 170; *Vose* v. *F. R. R. Co.*, 50 N. Y. 369; *Millerd* v. *Thorn*, 56 N. Y. 406; *Colgrove* v. *Tallman*, 67 N. Y. 95; *Kohler* v. *Matlage*, 72 N. Y. 259; *Calvo* v. *Davies*, 73 N. Y. 211.) The city supervised and was satisfied with the laying of the pipe and cannot complain of the manner in which it was done. (*Lockwood* v. *Mayor, etc.*, 2 Hilt. 66; *Delmonico* v. *Mayor, etc.*, 1 Sandf. 222.) Appellants should have been allowed to prove that the uneven condition of the sidewalk was at least one of the efficient causes of the accident. (*Nolan* v. *King*, 97 N. Y. 565; *Schmidt* v. *S. & H. P. R. Co.*, 132 N. Y. 566; Cooley on Torts [2d ed.], 752; Pollock on Torts, 19; *Searles* v. *M. R. Co.*, 101 N. Y. 661, 662; *State* v. *B. R. Co.*, 58 Md. 221; *Bond* v. *Smith*, 113 N. Y. 384; *Daniel* v. *Met. R. Co.*, L. R. [3 C. P.] 216; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236; *Bond* v.

*Smith,* 113 N. Y. 384; *Taylor* v. *City of Yonkers,* 105 N.
Y. 209; *Harrington* v. *City of Buffalo,* 121 N. Y. 147.)
The court erred in rejecting evidence offered to prove that
the contractors were not guilty of negligence. (*Mayor, etc.,*
v. *Brady,* 70 Hun, 250; *City of Rochester* v. *Montgomery,*
72 N. Y. 65; *O. S. N. Co.* v. *Compania T. E.,* 134 N. Y.
469; *Cohoes* v. *Morrison,* 5 N. Y. S. R. 106; *Trustees of
Geneva* v. *Brush El. Co.,* 28 N. Y. S. R. 284; *Robbins* v.
*Chicago,* 4 Wall. 674; *City of Brooklyn* v. *B. C. R. R. Co.,*
47 N. Y. 475; *Mayor, etc.,* v. *T. & L. R. R. Co.,* 49 N. Y.
657; 3 Lans. 270; *Boston* v. *Worthington,* 10 Gray, 496;
*City of Lowell* v. *Short,* 4 Cush. 275.)

*Francis M. Scott* and *Terence Farley* for respondent. The
judgment roll in *Cruikshank* v. *Mayor, etc.,* in connection
with the notices given to the contractors to come in and defend
that action, established, *first,* that Cruikshank was injured by
falling over the pipe; *second,* that he was free from contrib-
utory negligence; and, *third,* that he was damaged to the
amount for which judgment was recovered. (2 Thomp. on
Neg. 790; 2 Dillon on Mun. Corp. § 1035; 2 S. & R. on
Neg. § 301; *Faith* v. *City of Atlanta,* 4 S. E. Rep. 3;
*Mayor, etc.,* v. *T. & L. R. R. Co.,* 49 N. Y. 657; *Rapelye*
v. *Prince,* 4 Hill, 119; *Vil. of Port Jervis* v. *F. Nat. Bank,*
96 N. Y. 550; Black on Judg. § 575; *Littleton* v. *Richard-
son,* 34 N. H. 179; *Veazie* v. *R. R. Co.,* 49 Me. 119;
*Seneca Falls* v. *Zalinski,* 8 Hun, 571; *Robbins* v. *Chicago,*
4 Wall. 657; *Mayor, etc.,* v. *Dimick,* 20 Abb. [N. C.] 15;
*Mayor, etc.,* v. *Bookman,* 20 Abb. [N. C.] 18; *Mayor, etc.,* v.
*Noe,* 20 Abb. [N. C.] 19.) The only issue to be determined in
this action was as to who was primarily liable for Cruikshank's
injuries. (*Mayor, etc.,* v. *Brady,* 70 Hun, 250; 77 Hun, 241;
*City of Brooklyn* v. *B. C. R. R. Co.,* 47 N. Y. 475; 2 Dillon
on Mun. Corps. [4th ed.] § 1028; *Blake* v. *Ferris,* 5 N. Y.
48; *Butler* v. *Townsend,* 126 N. Y. 105; *Johnson* v. *N. A.
S. N. Co.,* 132 N. Y. 576; *Wyllie* v. *Palmer,* 137 N. Y. 248;
*Storrs* v. *City of Utica,* 17 N. Y. 104; *Lockwood* v. *Mayor,*

*etc.*, 1 Hilt. 66 ; *Pack* v. *Mayor, etc.*, 8 N. Y. 222; *Kelly* v. *Mayor, etc.*, 11 N. Y. 432 ; *Herrington* v. *Vil. of Lansingburgh*, 110 N. Y. 145.) Proof *aliunde* the judgment roll was competent for the purpose of showing what issues were passed upon in the Cruikshank action, providing it is consistent with the record and does not contradict it. (*City of Cohoes* v. *Morrison*, 42 Hun, 216, 218 ; 116 N. Y. 662; *Hymes* v. *Estey*, 116 N. Y. 501, 509 ; *Lorillard* v. *Clyde*, 122 N. Y. 41, 48; *Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341, 348; *Rose* v. *Hawley*, 133 N. Y. 315, 321; *Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137, 152; 1 Rice on Ev. 213, 215; Wells on Res Adjudicata, § 299; *Wright* v. *Salisbury*, 56 Mo. 26; *Spradling* v. *Conway*, 51 Mo. 51; *Hickerson* v. *City of Mexico*, 58 Mo. 61.) The exception taken to the admission in evidence of the notices to the contractors and their sureties of the commencement of the Cruikshank action is not well taken. (*Chicago* v. *Robbins*, 2 Black. 418 ; *Catterlin* v. *Frankfort*, 79 Ind. 547 ; *Keokuk* v. *K. I. S. Dist.*, 53 Iowa, 352 ; *Kings* v. *Chase*, 15 N. H. 1 ; *Littleton* v. *Richardson*, 34 N. H. 179, 187 ; *Boston* v. *Worthington*, 10 Gray, 496 ; *Westchester* v. *Apple*, 35 Penn. St. 284 ; *Milford* v. *Holbrook*, 9 Allen, 17 ; *Veazie* v. *P. R. Co.*, 42 Me. 119 ; *City of Rochester* v. *Montgomery*, 9 Hun, 394.) It is no defense to this action that the negligence of the city, in not removing the obstruction placed in the highway by the contractor, contributed to the injury. (*Campbell* v. *Somerville*, 114 Mass. 334 ; 2 S. & R. on Neg. § 301 ; *Lowell* v. *Boston R. R. Co.*, 23 Pick. 24 ; *Worburn* v. *B. R. Co.*, 109 Mass. 285 ; *Wilson* v. *City of Watertown*, 3 Hun, 508 ; *Seneca Falls* v. *Zalinski*, 8 Hun, 573 ; *City of Detroit* v. *Chaffee*, 37 N. W. Rep. 882 ; *Borough of Brookville* v. *Arthurs*, 18 Atl. Rep. 1076.) It affirmatively appearing that the contractors laid the pipe, a verdict was properly directed in favor of plaintiff. (*Morrison* v. *E. R. Co.*, 56 N. Y. 302 ; *Appleby* v. *A. F. Ins. Co.*, 54 N. Y. 253 ; *Oscanyan* v. *Arms Co.*, 103 U. S. 261 ; *Linkauf* v. *Lombard*, 137 N. Y. 417 ; *Hemmens* v. *Nelson*, 138 N. Y. 517 ; *Bulger* v. *Rosa*, 119 N. Y. 459 ; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341 ; *Burke* v.

*Witherbee*, 98 N. Y. 562.) The plaintiff was under no obligation to retain the moneys due on the contract between it and the contractors, on which the defendants were sureties, to await the determination of the Cruikshank action. (*Mayor, etc., v. Brady*, 70 Hun, 250, 256; *City of Duluth* v. *Heaney*, 45 N. W. Rep. 7; Brandt on Suretyship, § 374; *Glazier* v. *Douglass*, 32 Conn. 393; *Hollingsworth* v. *Tanner*, 44 Ga. 11; *Beaubien* v. *Stoney*, Speers [S. C.] 508; *Perrine* v. *F. Ins. Co.*, 22 Ala. 575.)

O'BRIEN, J. The defendants were held liable as sureties upon an indemnity bond executed to the plaintiff for the faithful performance of a certain contract.

On the 31st of August, 1883, a firm of contractors entered into a written contract with the plaintiff for the construction of a sewer in Ninth avenue between Eighty-first and Eighty-third streets. This contract contains elaborate provisions in which the obligations of the parties are fully specified. A brief reference to one or two of the stipulations will be sufficient for all the purposes of this case. The contractors were bound to so guard the work while in progress as to prevent accidents to persons using the streets or sidewalks in a lawful manner, and agreed to indemnify the plaintiff and save it harmless from all suits and actions brought against it for damages for personal injuries resulting from negligence in the performance of the work, or in guarding the same, or for or by reason of any act or omission on the part of the contractors.

The contractors also stipulated that the commissioner of public works, representing the city, might retain the whole, or so much of the moneys due on the contract until all suits or claims for damages for such injuries were settled and evidence of such settlement furnished to the commissioner, but the right to insist upon this was by the terms of the contract solely and exclusively at the option of the city.

By another provision of the contract the contractors consented that the commissioner might retain such amount of

the contract price as might be necessary to pay all such claims for damages in favor of parties who had, before or within ten days after the completion of the contract, given written notice to the commissioner that such claims for damages were unpaid. The contract was completed and the work accepted July 29, 1884, and on the 28th of August, 1884, the balance of the price of the work was paid by the plaintiff to the contractors.

The bond which the defendants executed to the plaintiff bears even date with this contract and refers to its terms, and was conditioned that if the contractors should well and truly perform the contract in accordance with its terms, and in every respect comply with its terms and conditions, then the obligation to be void, otherwise to remain in full force and virtue.

It appears that on the 17th of May, 1884, one Cruikshank brought an action against the plaintiff herein to recover damages for a personal injury sustained by him from an obstruction upon the sidewalk placed there by the contractors in the performance of the work. Both the contractors and their sureties, the defendants, had timely notice of this suit; that it was brought for the purpose of obtaining a judgment against the city for an act of the contractors, and they were notified to come in and defend the same.

No attention was paid to this notice by the contractors or the sureties, and the action resulted in a verdict against the plaintiff for $4,500, for which sum, with interest and costs, judgment was entered. The city paid this judgment and then brought this action upon the bond for reimbursement for the loss. On the trial the court directed a verdict for the plaintiff for the amount of the judgment paid and interest. There was an exception to this direction which raises the question here whether the defendants had the right to have the case submitted to the jury.

The judgment roll in the action brought by Cruikshank against the city was conclusive evidence against the defendant therein, and also against these defendants and the contractors, since they had notice of the pendency of the suit, and an opportunity to defend it, of the amount of the damages, the

existence of the defect or obstruction in the street, and that
the injured party was himself free from negligence. These
propositions have often been decided in actions of this charac-
ter where a liability over is sought to be established, and many
of the cases have recently been reviewed and reaffirmed in
this court. ( *Vil. of Port Jervis* v. *F. Nat. Bank,* 96 N. Y.
559; *O. S. N. Co.* v. *Campania Trans. Espanola,* 144 N. Y.
663; *Carleton* v. *Lombard, Ayres & Co.,* 149 N. Y. 137–152.)

The complaint in that action charged the city with negli-
gence in permitting the obstruction on the sidewalk which had
been placed there by the contractors to remain, and the plain-
tiff gave proof *dehors* the record that the negligent act for
which the city was sued, and upon which the verdict passed,
was that of the contractors, and not that of the city. When
the proofs closed there was no evidence upon which a verdict
could be rendered that the city itself, and not the contractors,
was the party primarily liable for the injury. The case against
the sureties was made out by the judgment record in the former
action, and the undisputed proof that the issue tried and sub-
mitted to the jury in that case was based solely upon the act
of the contractors in obstructing the sidewalk in the progress
of the work. There was not, therefore, any question to sub-
mit to the jury, and the court was warranted in directing a
verdict for the plaintiff on the bond of indemnity for the
reason that it conclusively appeared that the city had been
made liable in damages for an act of the contractors for which
the sureties had undertaken to be responsible

The only other question in the case that requires any notice
arises upon the defendants' contention that they were dis-
charged from the obligation by the act of the city in paying
over to the contractors the balance of the contract price in its
hands after the action by Cruikshank against it had been com-
menced, and when it knew that an outstanding claim for dam-
ages for the injury existed.

The stipulations of the contract on this point covered two
distinct classes of cases. One where the claim was brought to

the attention of the city by notice, in writing, to the commissioner, before the contract was completed, or within ten days thereafter. In such a case the obligation on the part of the city to retain the fund was absolute unless the claim had been shown to be discharged. There was no notice under this provision given by the defendants or any one, and hence it has no application to the facts of the case. The claim upon which this action was based does not fall within that provision of the contract. The other provision of the contract left it optional with the city, in cases where notice was not served upon the commissioner, either to retain the fund or to pay it to the contractor, and it could do either without any breach of the contract.

The stipulations of the contract in this respect were a part of the defendants' undertaking. They became bound as sureties for the faithful performance by the contractors of their contract, with full knowledge that the city could, at its option in such a case, pay the balance of the contract price to the contractors, and they cannot complain if the city exercised that option in the manner stipulated. The defendants, when they guaranteed performance, with knowledge of this provision, virtually consented that the city might do what it did, and hence they have not been prejudiced.

The contract was not changed in any of its terms, nor was there any departure from it in the performance. The city did nothing that it had not the right to do by the contract or that the defendants had not consented in advance that it might do.

The claim proved by the plaintiff fell directly within the conditions of the bond, and the defendants were not in any manner released or discharged from their obligation of indemnity against it, and so the judgment should be affirmed.

All concur.

Judgment affirmed.