BURKE *v.* MARYLAND CASUALTY CO.

JUDGMENT—CONCLUSIVENESS—PARTIES—INSURANCE—ACCIDENT AND INDEMNITY POLICY.

> Plaintiff's indemnity insurance covered injuries accidentally sustained by any employees engaged in decorating and other lines stated. Plaintiff brought an action on the policy, claiming that one of its employees, while working as a painter or decorator on a school building, sustained injuries within the provisions of the policy and recovered a judgment against it. Immediate notice in writing of any accident and of the suit was required by the contract of insurance. It was alleged as a defense to liability on the policy, that the injured workman was not an employee within the meaning of the language of the agreement. In charging the jury on the former action and trial the court informed the jury that if the defendant employer had charge of preparing the scaffold on which the employee was working when it gave way, and assured plaintiff that it was safe, the jury might find that the relationship of master and servant existed between the parties, that if the platform fell because a rope used in sustaining it had become frayed in use by friction against the wall, as plaintiff contended, defendant in the cause might be found liable for negligence. *Held*, that the prior judgment was not conclusive on the insurer which was not a formal party to the proceeding, though it undertook the defense: defendant corporation having the right to show that the relationship of master and servant did not exist. BIRD, J., dissenting.

Error to Muskegon; Sullivan, J. Submitted April 13, 1915. (Docket No. 60.) Decided July 21, 1916.

Assumpsit by William Burke, William H. Smith, and Nels P. Nelson, copartners as Burke, Smith & Nelson, against the Maryland Casualty Company on a policy of insurance. Judgment for plaintiffs on a verdict directed by the court. Defendant brings error. Reversed.

*Stevens T. Mason,* for appellant.

*Turner & Turner,* for appellees.

OSTRANDER, J. In my opinion, Mr. Justice BIRD has not sufficiently stated the issues, and has not discussed at all one of the principal contentions of appellant.

1. The contract which is the measure of plaintiffs' rights indemnifies plaintiffs—

"against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered by any employee of the assured while engaged in the occupation and at the places mentioned in the schedule below, provided," etc.

It is alleged in plaintiffs' declaration that one Reuben J. Ritter was an employee of plaintiffs, and was accidentally injured while performing work as a painter or decorator upon the Dort school building in Flint, a building which plaintiffs were erecting, that said Ritter sued plaintiffs, defendant undertook the defense of said suit, and that in that suit said Ritter recovered a judgment against plaintiffs, which they have paid. With its plea defendant gave notice that it would insist that at the time of the injury to said Ritter there was no consideration for an indemnity agreement between the parties with respect to accidents to said Ritter, and that plaintiffs did not comply with the requirement of the policy that immediate written notice of accident be given. The kind or kinds of work covered by the policy were carpenters, masons, and laborers, decorating and grading, to which stipulations of the contract may perhaps be referred the allegation in the declaration that Ritter was performing work "as a painter or decorator." The policy sued upon requires that:

"Immediate written notice of any accident and of any suit resulting therefrom, with every summons or

other process, must be forwarded to the home office of the company, or to its authorized representative."

It is a contention of defendant that Ritter was not an employee of plaintiffs when he was injured, engaged in any work covered by the policy, that immediate notice of the accident was not furnished, and that on account of peculiar circumstances the failure to furnish the notice was prejudicial to its interests. The complaint made in this court is that defendant was precluded from making these defenses by rulings of the trial court to which it duly excepted, and upon which error is assigned. It is admitted that written notice of the accident was not given to defendant, nor any notice, until Ritter began his suit. Enough appears in the record to warrant the statement that the reason notice of the accident was not given was that plaintiffs did not suppose that Ritter was their employee, or that the work he was doing when injured was within the terms of the policy.

It is plaintiffs' claim that in the suit of Ritter against themselves it was established that he was their employee, and that the determination binds defendant. Upon this subject the trial court had before it and examined the declaration filed by Ritter, and the charge, or a part of the charge, of the court given upon the trial of Ritter's case. But the court refused to receive or to consider the testimony given at the trial of Ritter's case, even the testimony given by plaintiffs, or by some of them, to the effect, it is claimed, that Ritter was not their employee when he was injured. Broadly, the contention appears to be that plaintiffs defended the Ritter suit upon the ground that the relation of master and servant did not exist, and upon the further ground that they were not, on account of their conduct, or of the conduct of any of them, responsible for the injury, and it is contended that the facts, if presented, would show that it was

because of some claimed actual conduct, or negligence, of plaintiffs, or of one of them, that a verdict against them in Ritter's favor was returned, and that liability to respond as masters for the injury of a servant was not made out. The record does show that Ritter was not on plaintiffs' pay roll, and that he came to the job as an employee of a subcontractor. It cannot be doubted, I think, that defendant had the right to show, if it could, that when Ritter was injured he was not an employee of plaintiffs, within the meaning of the policy. The question is whether the trial court was right in ruling that, from the declaration in Ritter's case and the charge of the court therein and such colloquy as occurred at the trial, it is conclusively established that he was such employee, and that the verdict and judgment rested upon such a relation. The files in the Ritter case were offered in evidence by plaintiffs. The declaration recites, rather than alleges, that Ritter "was employee of said defendant." The duty of defendants (plaintiffs in the case at bar) is alleged, in that declaration, in one place, as follows:

"That at the time of the grievance hereinafter set forth, the defendants, through themselves, their agents and servants, were engaged in cleaning the brick of said building, and that it became and was proper to use a swinging scaffold, attached by hooks and ropes to the cornice of said building to sustain the workmen while performing the work of cleaning the brick, and in the regular and prudent operation of such scaffold it was then and there necessary, and became the duty of the defendants, to see that the scaffold and ropes, hooks, pulleys, and other attachments sustaining the same should be fit and properly adjusted to bear the weight of the men placed thereon for the purpose of cleaning the said brick."

And the cause of the accident as follows:

"The ropes sustaining said scaffold upon which plaintiff was at work broke by reason of and through

the gross, wanton, and wilful negligence of said defendants, and precipitated plaintiff to the ground," etc.

In another place the allegation is:

"Plaintiff alleges that the defendants, while so engaged in building and finishing said school building, and while engaged in cleaning the brick walls thereof, not regarding their duty to furnish a safe and secure place upon which the plaintiff could perform his duties, conducted themselves so carelessly, negligently, and unskillfully that by and through the carelessness, negligence, unskillfulness, and default in not furnishing strong ropes and proper appliances and in adjusting the same in a proper manner and using due care in regulating and securing the same, the plaintiff was thrown to the ground by the breaking of the ropes sustaining said scaffold."

The portions of the charge of the court in the Ritter case, examined by the court in the instant case, read, in part and so far as material here, as follows:

"Now, for the purpose of this case, if you should find that the evidence preponderated in favor of the proposition that Mr. Ritter—not Mr. Ritter, but Mr. Burke, one of the defendants in this case—was present out there at the time that the scaffold was being prepared, took part in it himself, said to Mr. Ritter that he wanted it done his way, in substance, that he was paying him his wages, and assured the two men, Mr. Ritter and the other man, that the scaffold was perfectly safe, you find that the evidence preponderates in favor of those propositions that Mr. Ritter testified to, then you would be warranted in finding that the relation of master and servant did exist on that occasion between this plaintiff and these defendants, because if Mr. Burke made those statements that Ritter was working for him, he would be estopped from claiming he was not responsible as a master.   *   *   *

"Now, first, the plaintiff claims that he was injured on that occasion by the falling of the scaffold, and that the falling of the scaffold was occasioned by one of two causes; he does not claim to be able to tell you

192 Mich.—12.

which of those two causes, but he claims that it is one of two causes. His claim is that these appliances had been used before he went onto the job, for the purpose of washing down with acid the building; that is, one of the claims is that the rope became weakened, and on this occasion fell by reason of its having been weakened by the application of acid to it, for which he was in no way responsible. Or, second, he claims that it fell by reason of the act of one of the defendants in making an adjustment of the scaffold itself, an adjustment of the stirrup ropes which supported the scaffold on the occasion just before the plaintiff claims he was injured. His claim in that respect is that the rope was pushed over against the wall, which has been shown to you here, so that in drawing the scaffold up the face of the building he claimed that the wheel would be pressed against the building and would grind against the rope as the scaffold was drawn upward, and in that way weaken the rope, so that by reason of that weakness it fell. On the other hand, the claim of the defendant is that neither one of those two reasons is the correct one. Their claim is that the rope broke by reason of the careless application of the plaintiff himself and the man who was working with him on the very occasion when they pulled up that scaffold and did that first piece of work just previous to the falling of the scaffold."

In my opinion, it does not conclusively appear that Ritter was an employee of plaintiffs within the meaning of the policy sued upon, and defendant should have been permitted to show that, in fact, the verdict and judgment rendered in favor of Ritter was, or might have been, based upon relations other than those of master and servant, within the policy meaning. If this could be shown, then plaintiffs could recover only by maintaining, in this suit, that Ritter was in fact an employee of plaintiffs within the meaning of the policy.

2. I do not regard it as necessary or desirable to discuss the effect of the failure of plaintiffs to immediately notify defendant that a man had been injured,

or whether defendant waived the stipulation for notice by its conduct. In developing its defense as herein indicated, more light should be afforded upon this subject. The record shows, beyond question, that defendant expressly refused to waive any of its rights under the contract, and that plaintiffs in this action were so informed and so understood.

A reversal of the judgment and new trial is required, with costs to appellant.

STONE, C. J., and KUHN, MOORE, STEERE, and BROOKE, JJ., concurred with OSTRANDER, J.

BIRD, J. (*dissenting*). Plaintiffs are building contractors. While erecting a school building in the city of Flint, in 1911, they carried a policy in the defendant company, indemnifying them against loss on account of injury to their employees by accident. On July 5th, while Reuben Ritter, one of the employees, was engaged in cleaning the walls, he fell from the scaffold upon which he was standing and sustained an injury. On September 21st, he commenced suit against plaintiffs, claiming that his fall was due to the negligence of plaintiffs in failing to furnish him a safe place in which to work. Plaintiffs transmitted the summons to Stevens T. Mason, who represented the defendant as counsel in this State. Mr. Mason, upon receiving it, caused defendant's appearance to be entered in the cause, and later filed a plea therein. He was in attendance upon the trial and participated in it, although plaintiffs had their own counsel. The trial resulted in a judgment for Ritter of $900. Plaintiffs' attorneys thereupon secured a stay of proceedings, so that an appeal to this court could be taken if desired by defendant, and Mr. Mason was notified of this fact, and plaintiffs demanded that defendant pay the judgment in accordance with the terms of this policy, or effect an appeal. Defendant refused to do either,

whereupon plaintiffs paid the judgment against them, and instituted this suit to recover the amount. They recovered a verdict by direction of the court. Several assignments of error are relied upon in the brief, but we understand the number was reduced on oral argument to the following:

1. Did the fact that the defendant permitted its attorney to assist in the trial of the case of *Ritter* v. *Burke, Smith & Nelson* operate as a waiver or an estoppel?

3. Was the verdict in the case of *Ritter* v. *Burke et al.*, binding upon the defendant herein?

6. Did the failure to give immediate notice of the Ritter accident relieve the defendant of liability under the policy?

1. The question as to how far the judgment in the Ritter case is binding on the defendant is the principal question to be determined. The general rule with reference to the conclusiveness of a judgment on indemnitors is stated to be that:

"One who is notified of the pendency of an action and is given an opportunity to defend is concluded as to all questions determined therein which are material to a recovery against him in an action for indemnity brought by defendant in the original suit." 22 Cyc. p. 106.

In *Littleton* v. *Richardson*, 34 N. H. 179 (66 Am. Dec. 759), the rule is stated as follows:

"The record of a verdict and judgment is always admissible to prove the fact that such judgment was rendered, or such verdict returned, in any case where the fact of such verdict or judgment, or the nature or amount of such judgment becomes material. * * * For any other purpose it is not evidence against a stranger, * * * but when a person is responsible over to another, either by operation of law or by express contract, * * * and he is duly notified of the pendency of the suit and requested to take upon him the defense of it, he is no longer regarded as a

stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record.   In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion,   *   *   * will be conclusive against him, whether he has appeared or not,   *   *   * of every fact established by it."

See, also, *Village of Port Jarvis* v. *First Nat. Bank,* 96 N. Y. 550; *City of Portland* v. *Richardson,* 54 Me. 46 (89 Am. Dec. 720) ; *Mayor, etc., of New York* v. *Brady,* 151 N. Y. 611 (45 N. E. 1122) ; *City of Lansing* v. *Railroad Co.,* 129 Mich. 403 (89 N. W. 54).  The stipulation of facts in the present case shows beyond question that defendant had notice of the Ritter suit, and that its attorneys perfected the pleadings and was present and participated in the trial.   This would make the judgment in the Ritter case conclusive upon it as to all material issues therein involved.

It is claimed, however, by defendant's counsel that the defendant is saved from the operation of this general rule by the fact that when he was notified that Ritter had commenced suit, defendant's participation thereafter was with the distinct understanding that it should waive none of its defenses of liability to the plaintiffs.   The fact that defendant made this reservation in the Ritter case will not exempt it from the effect of notice of that suit.   The reservation had the effect simply of reserving to it the right to contest its liability.   This precise situation occurred in the case of *City of Lansing* v. *Railroad Co., supra,* and the same claim was made, but the court there said in response to this contention that:

"The evidence was sufficient to charge the defendants with notice of the existence of the suit against the city. *Robbins* v. *City of Chicago,* 4 Wall. 657. The stipulation between the attorneys that the ap-

pearance of the attorney for the defendants should not bind them was not intended to relieve from the effect of the notice of the existence of the suit and the opportunity to appear. The stipulation meant no more than it should not prevent the railroad companies from raising any defense they had to the suit by the city against them upon any judgment that might be rendered against the city."

We are of the opinion that the Ritter judgment was conclusive against the defendant in this suit as to all the material issues in the former one.

6. Did the failure to give immediate notice of the Ritter accident relieve the defendant of liability under the policy? The defendant sought to avoid liability under its contract by showing that plaintiffs did not comply with the terms of it in giving immediate notice to defendant of the accident. This question was not an issue in the Ritter case, and therefore was open as a defense in the present case. The accident occurred on July 5th, and the first notice defendant received was on September 21st. In fact, that was the first notice that plaintiffs had that any claim would be made against them. At the time defendant received the summons it made no objection on this account, but its counsel suggested that the blank form for giving notice thereof should be filled out as a matter of form, so that he might have it among his files in the case, and no objection was raised upon this ground until after judgment was rendered in the Ritter case. The failure to raise the question at that time and the subsequent participation in the trial and the perfection of the pleadings amounted to a waiver by defendant of plaintiffs' failure to give immediate notice of the accident. We think the action of the trial court in directing a verdict for the plaintiffs was proper, and the judgment should be affirmed.

The late Justice MCALVAY took no part in this decision.