THE WESTERN UNION TELEGRAPH COMPANY, Appellant, *v.* GUY M. GEST, Respondent.

First Department, May 31, 1918.

Negligence — prior judgment against plaintiff based on negligence of defendant not appearing in said action — when former judgment prima facie evidence of defendant's negligence in subsequent action brought against it — right of defendant to disprove negligence established in former action.

Where the defendant, a contractor, constructing subways in a city street for the plaintiff, a telegraph company, agreed to indemnify the plaintiff against any damages caused by its negligence in the performance of the

contract, and a judgment was obtained against the city in which the subways were constructed by a person who was injured by an improperly guarded excavation, and the city recovered over against the plaintiff which gave due notice of the action to the defendant and an opportunity to defend, which the defendant failed to do, the judgment roll in said action and the testimony therein showing that the accident was caused by the negligence of the present defendant, is at least *prima facie* proof that the defendant in its turn is liable over to the plaintiff for the judgment recovered against it by the city.

However, said prior judgment does not estop the defendant from showing, if he can, that the plaintiff caused the work in question to be done by others, or to adduce further evidence tending to show that he was not guilty of negligence.

APPEAL by the plaintiff, The Western Union Telegraph Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of October, 1917, dismissing the complaint on the merits upon the decision of the court after a trial at the New York Trial Term before the court without a jury.

*Francis Raymond Stark* of counsel [*Joseph L. Egan* with him on the brief], for the appellant.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew*, attorney], for the respondent.

LAUGHLIN, J.:

This is an action to recover the amount of a judgment recovered against the plaintiff by the city of Louisville, in the Circuit Court, Common Pleas Branch, of Jefferson county, Ky., which is a court of general jurisdiction, together with the expenses of defending the action.

The theory of the action is that the recovery in the State of Kentucky against the plaintiff was for negligence in the execution of work authorized by a permit issued by the department of public works of the city of Louisville to the plaintiff on the 8th day of November, 1907, for laying conduits and laterals and the construction of manholes and service boxes on Fourth street from Main street to Broadway in said city, which was performed by the defendant under a contract with the plaintiff, and that the plaintiff was obligated

to indemnify and save the city harmless from any and all damages arising from the doing of the work or the occupancy of the street, alley or sidewalk or the storing of materials or for failure properly to light all obstructions at night, and that the defendant was under like obligation to the plaintiff.   On the evening of the 19th of November, 1907, one Mary J. Harding, while walking southerly on the easterly side of Fourth street, between Chestnut street and Broadway, in said city, and while passing over the sidewalk opposite the first alley south of Chestnut street, tripped or stumbled over a couple of boards covering a hole or excavation in the sidewalk at that point, and sustained injuries for which she recovered in an action against the city.   The city made an ineffectual attempt timely to vouch the plaintiff into that action by notice that it had made the hole or caused the excavation and so placed the boards in the performance of the work authorized by said permit; but the notice was not timely given to render the judgment recovered against the city conclusive against the plaintiff, and the plaintiff had no time or opportunity to give notice of that action to the defendant.   The learned trial court properly so held.   The city paid the judgment recovered against it and then brought the action to recover over against the plaintiff, and the plaintiff gave due and timely notice to the defendant of the commencement of that action and an opportunity to defend the same, claiming that the recovery was sought with respect to the negligent performance of the work under the permit, which was performed by the defendant under his contract with the plaintiff.   The defendant herein failed to appear or take part in the trial of the action against the plaintiff.   The plaintiff appeared in that action and interposed an answer putting in issue the material allegations of the complaint by the city against it, and particularly the allegation that the alleged defective condition of the sidewalk from which Mrs. Harding sustained injuries and for which she recovered against the city, was caused or created by it, and it denied that it had due or timely notice of the action against the city, and alleged and proved that it did not appear therein or take part in the defense thereof.   On the trial of the action by the city against the plaintiff, the city offered in evidence the pleadings, verdict and judgment by Mrs. Harding against

the city, and thereupon the plaintiff, the defendant in that action, called a number of witnesses, and the city offered evidence in rebuttal. Among the witnesses called by the plaintiff as defendant in that action was Mrs. Harding, who testified that she was walking southerly on said sidewalk on her way home at about five-twenty P. M. and that it was a little dark, and there was no light at the point of the accident, and that there were two boards across the sidewalk over a hole at the mouth of the alley, and that she stumbled on them and fell. The other testimony was on the issue with respect to who was responsible for the condition of the sidewalk at that time. On the part of the plaintiff, the defendant in that action, evidence was given tending to show that its contractor, the defendant herein, laid a conduit along Fourth street to a manhole opposite said alley, and excavated a trench from the manhole to the curb line, and excavated a trench in the alley beyond the sidewalk to a telegraph pole in the alley, and tunneled under the sidewalk, which was asphalt, the width of which, however, does not appear, and placed therein a four-inch pipe without disturbing the surface of the sidewalk, and that the trenches were refilled and the work completed at this point on the sixteenth of November, or three days prior to the accident, and that no boards or other obstructions were placed or left on the sidewalk in the performance of that work; and on the part of the city evidence was given tending to show that an open trench was cut through the sidewalk and partly refilled and loose boards placed on top, and that it remained in that condition until the time of the accident. The court instructed the jury that if they believed that Mrs. Harding's injuries, for which she had recovered against the city, were caused by an obstruction placed or maintained at the point in question by the plaintiff, the defendant in that action, they should find for the city for the amount of the verdict recovered against it, together with the amount expended by it in defending the action, but that otherwise the city was not entitled to recover. From the judgment entered against it in that action the plaintiff herein appealed to the Court of Appeals, which court affirmed the judgment, and in the opinion written on the affirmance expressly stated that the evidence was sufficient to show that

First Department, May, 1918.. [Vol. 183.

in the performance of the work authorized by the permit the plaintiff herein had dug a hole in the sidewalk, and placed some boards thereon over which Mrs. Harding stumbled. (*Western Union Telegraph Co.* v. *City of Louisville,* 160 Ky. 499.) The uncontroverted evidence on the trial of the action by the city against the plaintiff, of which the defendant had due and timely notice, showed that the only work done at that point by the plaintiff herein was the work performed by its contractor, the defendant. On the trial of the.issues therein the judgment roll in the action by the city against the plaintiff, including a transcript of the testimony in that action, was offered and received in evidence.

At the close of the plaintiff's case the defendant moved for a dismissal of the complaint. The motion was denied, with leave to renew at the close of the evidence, and thereupon counsel for the defendant stated that defendant desired an opportunity to procure and introduce evidence of all the facts connected with the accident to Mrs. Harding and with respect to her damages and the defendant's negligence, and the court announced that an opportunity would be afforded him therefor in the event it should be decided that the plaintiff's evidence sufficiently made out a *prima facie* case, and upon that suggestion defendant rested and renewed his motion for a dismissal, and plaintiff moved for judgment. The court, after hearing argument and receiving briefs, wrote an opinion holding that the judgment recovered against the plaintiff conclusively established its liability to the city and the amount thereof, but did not establish that the negligence for which the plaintiff was held liable was the negligence of the defendant, and fixed a time at which the plaintiff would be allowed to introduce further evidence to show negligence on the part of the defendant. Later on counsel for the plaintiff informed the court that it had no further evidence to offer, and thereupon the defendant moved for a dismissal, which was granted.

It was admitted by the pleadings herein that the defendant entered into a formal contract in writing with the plaintiff on the 11th of July, 1907, to construct a conduit system for it in the city of Louisville in accordance with the terms and conditions thereof and by which he agreed to erect a fence or railing around any excavation made by him, if required,

and to place sufficient red lights on or about the work and to keep them burning from twilight until sunrise and to employ a watchman if deemed necessary by the superintendent, and to be responsible for any damages that any party or the city might sustain in consequence of his neglect to take " the necessary precautions while prosecuting this work," and the agreement provided that the work should be done by open trenches and that no tunneling would be allowed unless in the opinion of the superintendent it might be necessary " to pass under street railroads, street crossings or other obstructions to open cut." The deposition of the defendant was read on the trial of the issues and he therein admitted that he performed the work covered by his contract, and he testified that at the point in question the work was completed on the sixteenth of November, which is the same as other testimony offered on the trial of the action by the city against the plaintiff.

The learned counsel for the respondent contends that the judgment recovered by the city against the plaintiff is neither *prima facie* nor conclusive against him on any issue. That position is, I think, untenable. The defendant's agreement with the plaintiff was one of general indemnity against damages caused by his negligence in the performance of the contract work and by his failure to guard excavations as therein provided, and the rule in such case is that the recovery against the party indemnified, even in an action of which the indemnitor had no notice, is *prima facie* evidence, and he is at liberty to show that the principal had a good defense to the claim and, of course, might show that the judgment was recovered through fraud or collusion (*Bridgeport Insurance Co.* v. *Wilson,* 34 N. Y. 275, 280; *Binsse* v. *Wood,* 37 id. 526, 530; *Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354; affd., 185 N. Y. 580; *Fulton County G. & E. Co.* v. *Hudson River T. Co.,* 200 id. 287, 297); and where, as here, the defendant had notice and an opportunity to take part in the defense of the action by the city against the plaintiff, the judgment is, I think, conclusive evidence against the defendant with respect to the plaintiff's liability to the city in the absence of fraud or collusion, and the only other defense open is with respect to whether the defendant is liable for the condition of the sidewalk on account of which the plaintiff was held liable. (*Oceanic S. N. Co.*

v. *C. T. E.,* 134 N. Y. 461, 469; *Scott* v. *Curtis,* 195 id. 424, 429; *Lord Electric Co.* v. *Barber A. P. Co.,* 165 App. Div. 399, 401; *Mayor, etc.,* v. *Brady,* 151 N. Y. 611; *City of New York* v. *Lloyd,* 148 App. Div. 146. See, also, *Dunn* v. *Uvalde A. P. Co.,* 175 N. Y. 214, 218.) The real point presented for decision is, therefore, as viewed by the trial court, whether the proof of the judgment roll including the testimony in the action against the plaintiff, of which the defendant had timely notice, is evidence, either conclusive or *prima facie,* that the condition of the sidewalk for which the plaintiff was held liable was caused by the defendant. Counsel for the defendant relies on *Scott* v. *Curtis (supra)* in support of his contention that it was incumbent upon the plaintiff on the trial of the issues herein to show by other evidence that the negligent condition of the sidewalk was caused by the defendant. I am unable to agree with that contention. In *Scott* v. *Curtis (supra)* the testimony received in the action against the plaintiff, of which the defendant had notice and an opportunity to defend, was not offered in evidence. The plaintiff merely offered the judgment roll in evidence, and of course the judgment roll did not show that there was any adjudication with respect to the acts of the defendant's employees in removing the coal hole cover and failing properly to secure it, whereas in the case at bar the only theory on which the recovery was allowed against the plaintiff, according to the evidence, was that the condition of the sidewalk was caused by the acts of its contractor in the execution of the work authorized by the permit. Since the evidence adduced in that action on the part of the city related only to work done under the permit, and showed that that work was done by the defendant, it seems to me quite clear that the judgment is at least *prima facie* evidence that the defendant is liable over to the plaintiff therefor. The adjudication was not between the plaintiff and defendant, and, therefore, doubtless the defendant is not estopped thereby from showing, if he can, that the plaintiff caused work at the point in question to be done by others, or to adduce further evidence tending to show that he was not guilty of negligence with respect to the condition of the sidewalk.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.