THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent,
*v.* WILLIAM BARNET and HENRY B. BARNET, Appellants.

Third Department, July 8, 1920.

Railroads — negligence — injury to railroad employee on spur track
constructed on defendants' property — agreement of defendants
to assume responsibility for personal injuries received on said
spur — when defendants liable for judgment for personal injuries
paid by plaintiff — evidence — judgment roll and charge in former
action against plaintiff.

Where the defendants in consideration of the construction and operation of
a siding or spur track by the plaintiff for the purpose of transporting freight
to and from the defendants' factory agreed in writing to assume respon-
sibility for all damages to property or persons which might occur on said
tracks, except such as might be due to the sole negligence of the plaintiff,
they are liable for a judgment recovered against the plaintiff by its employee
who was injured on said siding owing to the fact that a fence erected by
the defendants to keep coal from rolling upon the track had been allowed
to become so inclined toward the track by the weight of accumulated coal
that said employee of the plaintiff was caught between the fence and the
car upon which he was riding, it appearing that the defendants were
given timely notice of the pendency of said action for damages and that
they appeared and participated in the trial thereof.

In the action by the plaintiff to recover the amount of the judgment paid
by it, the judgment roll in the former action is conclusive evidence against
the defendants as to the cause of the injury and the extent of damages,
and the charge of the court in said former action is competent to show
the precise issues decided therein.

As the former judgment shows that the employee was injured by a failure to
furnish him with a safe place in which to work, the negligence therein
established is equally the negligence of the present defendants and entitles
the plaintiff to recover.

It is no defense to the action that the employee of the plaintiff could not
have maintained an action against the present defendants for negligence
because they owed him no duty and no contractual relation existed
between them and him, for under the contract pursuant to which the
railroad spur was constructed the defendants expressly assumed respon-
sibility for personal injuries thereon occurring, except when due to the
sole negligence of the plaintiff.

APPEAL by the defendants, William Barnet and another,
from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Albany on the 21st day of January, 1920, upon the verdict of a jury rendered by direction of the court upon motion by both parties.

In the year 1906 pursuant to a written contract between the defendants and the New York Central and Hudson River Railroad Company, a predecessor of the plaintiff herein, a siding or spur track was constructed on the premises of the defendants in the city of Rensselaer connecting a factory on their said premises with the main line tracks of the said railroad company for the transportation of freight to and from said factory.

Such contract contains the following provision: " That second party [the defendants herein] assumes the responsibility of all damage to property or injury to persons, employees or others, which may occur on said track, except such as may be due to the sole negligence of the Railroad Company, its agents or employees, while operating on said track."

The siding or spur track thus constructed continued to be operated by the plaintiff or its predecessor for the mutual advantage of the railroad company and the defendants in the transportation of freight to and from the factory of the latter. On the defendants' premises near such siding or spur track they maintained a coal pocket in connection with their business. The answer herein contains the following statement: " Plaintiff did notify the defendants that coal was rolling upon and likely to roll upon the said siding or spur track from defendants' said coal pocket and requested defendants to construct a barrier along the side of said coal pocket adjacent to said siding or spur track to prevent the coal from rolling or falling over upon said spur track. Whereupon defendants did erect the barrier described as a fence in or about the year 1915, in compliance with the plaintiff's direction, and plaintiff acquiesced in such erection." Such fence had an average height of ten feet above the top of the rail of the spur track. In the course of time the pressure of the coal from the opposite side caused the fence to incline toward said track to such an extent that only six or eight inches intervened between the top of the fence and a car standing opposite on the spur

track and that condition had existed for a considerable time until the accident hereafter mentioned.

In September, 1917, one Forstner, a brakeman in the employ of the plaintiff, while ascending a ladder on the side of a freight car moving along said spur track was caught between the car and the said fence and injured. He brought an action against the plaintiff and recovered a judgment therein on the ground of its negligence in failing to provide him a safe place in which to work. The defendants herein were given timely notice of the pendency of such action and required to protect the plaintiff from its consequences and they appeared and participated in the trial thereof. The plaintiff herein having paid the Forstner judgment brings this action to recover the amount thereof with its incidental expenses against these defendants.

*Andrew J. Nellis,* for the appellants.

*Visscher, Whalen & Austin,* for the respondent.

COCHRANE, J.:

On the trial of this action the plaintiff herein introduced in evidence the judgment roll, the charge of the court to the jury, and the material testimony in the Forstner action. The judgment roll was conclusive evidence against these defendants that Forstner had been injured on this side track and the extent of his damages. (*Mayor, etc.,* v. *Brady,* 151 N. Y. 611, 616; *Carleton* v. *Lombard, Ayres & Co.,* 149 id. 137, 161; *Scott* v. *Curtis,* 195 id. 424; *Western Union Telegraph Co.* v. *Gest,* 183 App. Div. 548.) The charge of the court to the jury in that action was competent herein to show the precise issues therein decided. (*Rowland* v. *Hobby,* 26 App. Div. 522.) It clearly establishes that the judgment therein went against this plaintiff, the defendant therein, on the ground that Forstner was not furnished a safe place in which to work. Under that charge the verdict in favor of Forstner was necessarily predicated on the dangerous proximity of the leaning fence to the passing freight car. That element was necessarily found by the jury to exist and without it their verdict could not have been rendered.

The testimony in the Forstner case while establishing the

negligence of the railroad company at the same time establishes the liability of these defendants to the railroad company. Such testimony shows that they constructed the fence on their own premises in close proximity to the spur track likewise constructed on their premises at their request and for the mutual benefit of themselves and the railroad company and that they permitted the fence to incline toward the track to such an extent that there was an unsafe clearance between fence and track. If the railroad company was negligent these defendants were equally negligent in the same particular. The testimony in the Forstner action thus produced herein was at least *prima facie* evidence against these defendants (*Western Union Telegraph Co.* v. *Gest*, 183 App. Div. 548, 554) and when both parties moved for a directed verdict a direction in favor of the plaintiff herein resolved in its favor all questions of fact and inferences properly deducible from such testimony.

The defendants herein contend that Forstner could not have maintained an action against them for their negligence because they owed him no duty and no contractual relation existed between them and him, and in support of that proposition cite the case of *Sias* v. *Rochester Railway Co.* (169 N. Y. 118). That proposition if otherwise applicable is not here involved. There was a contractual relation between the defendants and the railroad company by the terms of which contract these defendants assumed responsibility for personal injuries occurring on the track " except such as may be due to the sole negligence of the railroad company." It is clear that the negligence of the railroad company for which it has been held liable could not have existed except for the acts and conduct of these defendants in constructing and maintaining the fence in dangerous proximity to the spur track. The injury to Forstner was not due, therefore, to the " sole negligence " of the railroad company within the meaning of the contract but to such negligence co-operating with the acts of these defendants. They laid the foundation for such negligence. As was forcibly and tersely stated by Mr. Justice HASBROUCK in deciding this case at the Trial Term: " The accident could not have happened, except the fence leaned." For that these defendants were responsible. Part of the

inducement to the railroad company for the operation of the spur track on defendants' premises was protection against such liability as that in question. The purpose of the indemnity clause in the contract was to afford that protection especially against acts of the defendants themselves for which they were primarily responsible.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.